## THE MARIA.
### No. 53.

Circuit Court of Appeals, Second Circuit.
Nov. 6, 1933.

Loomis, Williams & Donahue (Homer L. Loomis, of New York City, of counsel), for appellant.

Bigham, Englar, Jones & Houston (D. Roger Englar, Henry N. Longley, and Ezra G. Benedict Fox, of New York City, for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

## PER CURIAM.

The libelants were a number of underwriters, who had assured cargo lifted by the motor ship Maria, owned by the claimant, an Italian corporation. On her arrival at destination, Trieste, the master withheld the cargo, claiming a lien for general average because of a jettison made necessary by a strand en route. The consignees made the payments demanded; the master gave them receipts, and thereafter applied to an Italian court in Trieste for the appointment of general average adjusters, whom the court appointed and to whom it directed him to deliver the payments, which he did. Thereupon the libelants, the underwriters, paid the consignees their contributions and took up the general average receipts. They now assert that the ship was unseaworthy and that no general average liens arose. They are American or British corporations; the shippers are American citizens; the consignees are domiciled in Italy. The libel was in rem, but the ship was not arrested; a stipulation being substituted in her stead. The claimant moved to dismiss the suit for lack of jurisdiction, and excepted to the libel for the same reason. The court overruled the objections and denied the motion, and the claimant appealed.

The decree did not determine "the rights and liabilities of the parties" within the meaning of the Act of April 3, 1926 (44 Stat. 233 [28 USCA § 227]), extending our appellate jurisdiction. That statute was primarily intended to avoid the expense and delay of a reference to compute damages, since it is always possible that the libelant may later turn out to have no right to recover at all; and, although it would perhaps be too much to say that it covers that situation alone, it is hard to imagine other instances. Be that as it may, it is clear that here not all of the "merits" have yet been decided, by which we mean those issues on which liability, as distinguished from its amount, may depend finally. Whenever a demurrer is overruled, a successful appeal will terminate the suit, unless the pleading be amended. The reason for denying the appeal, when the case is in that posture, is that, if the decision prove to be right, a second appeal may be necessary. So here, if these decrees should be affirmed, the case would not be at an end, for on the merits the Maria's seaworthiness would be material, and it is in dispute. "The rights and liabilities of the parties" are therefore fixed only on the hypothesis that the ruling was wrong, and that cannot be ascertained while the appeal is pending. Thus the question must be begged on which the existence of our jurisdiction turns.

The decisions are few. In Lissner & Co. v. Oceanic Steam Navigation Co., Ltd. (C. C.

A.) 30 F.(2d) 290, we refused to hear an appeal from a decree which left to a commissioner the determination of certain disputed allegations in the libel. That was a plain case. In Aunt Jemima Mills Co. v. Lloyd Royal Belge, 34 F.(2d) 120, we did indeed take jurisdiction, although the authority of the libelant to sue was still undetermined. Thus the decree was in fact interlocutory "on the merits," but we did not observe the defect of our own motion, and the parties apparently did not raise it. In Moore & McCormack Co. v. Valley Camp Coal Co. (C. C. A.) 37 F. (2d) 308, the Fourth circuit entertained an appeal from a decree overruling the libelant's exceptions to a defense in the answer, but expressly noticed the point, and declared that its action was not to be a precedent in other cases. We do not treat it as such. These are the only decisions we can find; they throw no light on the point here, except that the last is an intimation against the appeal at bar.

Appeal dismissed.