# RICE GROWERS ASS'N OF CALIFORNIA v. REDERIAKTIEBOLAGET FRODE.

## No. 12074.

United States Court of Appeals
Ninth Circuit.

Dec. 13, 1948.

George H. Hauerken and Hauerken & St. Clair, all of San Francisco, Cal., for appellant.

Clarence G. Morse and Graham & Morse, all of San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and BONE and ORR, Circuit Judges.

DENMAN, Chief Judge.

Appellee, a Swedish corporation, hereafter called Frode, moves to dismiss the appeal of appellant, hereafter called Growers Co., from an interlocutory decree in admiralty determining the fund to which the damages Frode, owner of the Swedish ship FREJ, may be limited in Frode's limitation proceeding.

An interim stipulation of the value of the ship and her freight pending had been given in the amount of $290,250. The district court, after a contested hearing, found that the voyage of the FREJ ended at San Francisco and that the fund, including her then value for limitation, was $213,104. A second stipulation for the lower amount was filed. Only Growers Co. and one other claimant filed claims in response to the monition, and the court enjoined them from litigating their claims in any other tribunal. All other claims were defaulted.

The ground of the motion to dismiss is that, though the amount of the fund is finally determined so far as concerns the district court, such fixing of the amount does not finally determine any right of Growers Co., a claimant for damages to its cargo of rice injured while on the voyage of the FREJ, within the provisions of 28 U.S.C. § 227.[1] This section was controlling on August 20, 1948, when the appeal was taken, and allows such appeals from such an interlocutory order if it determines "the rights and liabilities of the parties."

It is obvious that this does not mean *all* the rights and liabilities of the parties for, if so, the only appeal allowable is from the final decree denying any limitation and determining the amount of the claims and their share of the fund. The question is, Is *any* right of Growers Co. finally determined by the decree fixing the limit of liability?

This is a trial de novo. "This court, in the exercise of its appellate jurisdiction, has power not only to correct error in the judgment entered below, but to make such disposition of the case as justice may at this time require"; and "the rule is the more insistent, because, in admiralty cases are tried de novo on appeal." (Emphasis supplied.) Watts, Watts & Co. v. Unione Austriaca di Navigazione, 248 U.S. 9, 21, 39 S.Ct. 1, 2, 63 L.Ed. 100, 3 A.L.R. 323; Langnes v. Green, 282 U.S. 531, 537, 51 S.Ct. 243, 75 L.Ed. 520.

---

[1] In 1948 Judicial Code, see 28 U.S.C.A. § 1292.

Growers Co.'s appeal contends that on the figures stipulated to by the parties below, the fund for limitation is $392,845 if we find the voyage of the FREJ was terminated in Havana, Cuba, instead of $213,-102 as determined on its termination at San Francisco, as held by the lower court. The difference is primarily due to the unrepaired condition of the FREJ at San Francisco and her fully repaired condition in Havana. Growers Co. has filed here a statement of its present total claim as not exceeding $380,000. The one other claim is for $3,150. The two claims total less than the fund if it be computed by us at Growers Co.'s claimed amount.

Frode has not the right to dismiss the limitation proceeding if we sustain Growers Co.'s contention respecting the valuation of the vessel at Havana and thereby avoid Frode's liability on its stipulation for value. Hartford Accident & Indemnity Co. v. Southern Pac. Co., 272 U.S. 207, 220, 47 S.Ct. 357, 71 L.Ed. 612.

If we hold the value of the vessel and pending freight exceed the two claims, Growers Co. has the right to move that it be permitted to sue the Swedish owner of the FREJ in Sweden or in other courts for the full amount of its damage. The court sits in equity in a limitation proceeding, Hartford Accident case, supra, 272 U.S. 207, at page 215, 47 S.Ct. 357, 71 L.Ed. 612, and may give to one of several claimants whose aggregate claims are less than the fund the right to maintain separate actions. Curtis Bay Towing Co. v. Tug Kelvin Moran, 2 Cir., 159 F.2d 273, (L. Hand), cf. Langnes v. Green, supra. The district court equitably may give to Growers Co. the right so to recover its damages to its rice over the amount of the stipulation for value given by this Swedish corporation, if we hold the fund so exceeds the claims.

It well may be that a suit in Sweden will be barred there by a limitation of time which cannot be extended by the injunction of the American court. Also, assets of the Swedish corporation may be found in the United States in a jurisdiction where they may be attached in a suit in personam. These and any similar remedies may be

lost by a continuance of the injunction, unjust if the appellant's claim for a fund higher than the two claims has been erroneously denied.

The decision of the district court holding against the claim that the fund so exceeds the two claims finally determines that Growers Co. has no right to such prompt and immediate action.

The order appealed from is appealable within 28 U.S.C. § 227,[2] and the motion to dismiss the appeal is denied.