EMERICK et ux. v. LAMBERT, Adm'x.

No. 11227.

United States Court of Appeals
Sixth Circuit.

March 30, 1951.

Frederic B. Besimer and John A. Gilray, Jr. of Miller, Canfield, Paddock & Stone, Detroit, Mich., on the brief, for appellants.

Louis S. Cohane, Detroit, Mich., Louis Starfield Cohane, Regene Freund Cohane, Detroit, Mich., on the brief, for appellee.

Before HICKS, Chief Judge, and ALLEN and McALLISTER, Circuit Judges.

HICKS, Chief Judge.

On June 27. 1949, while Douglas Lambert was operating an out-board motor boat on the St. Clair river at the head of Lake St. Clair, the boat was struck by a Hacker power boat owned by Frank J. Emerick, who was present, and driven by his wife, Gertrude A. Emerick, and as a result Lambert was drowned.

On February 21, 1950, Aleen R. Lambert, widow and administratrix of Douglas Lambert's estate, and Guardian of Sallie Sue Lambert, a minor daughter of the Lamberts, filed a libel in the District Court for damages in the sum of $50,000 alleged to have accrued as a result of the collision, and on March 2nd she filed a request for a jury trial. On March 17th a monition was issued, served and filed and an attachment was also issued and served on March 27th and filed March 30th. This action is herein called the "Death Action."

On March 27th, Emerick, the owner of the Hacker boat, filed in the same court his petition for limitation and exoneration from liability. He alleged that his interest in the Hacker boat did not exceed $1,200 and prayed for an order transferring the boat to a trustee and enjoining the prosecution of all suits arising out of the collision. He filed a cost bond and complied with an order to transfer his boat to a trustee. An order issued directing the proof of claims to be made before a commissioner. The order continued: " * * * that the beginning or prosecution of any and all suits, actions or proceedings of any nature or description whatsoever, except in the present proceeding, in respect of any claim arising out of, occasioned by or consequent upon or connected with the said collision on June 27, 1949, as set forth in the petition, be, and hereby are, stayed and restrained until the hearing and determination of this proceeding. * * *" This order and the monition pursuant thereto was served on the proctors for the libellant on March 28th and publication with reference to the limitation petition proceeded. This action is herein called the "Limitation Action."

On May 1st libellant, by motion in the death action, attacked the limitation action on various grounds and especially because (a) the loss sued for was incurred with the privity and/or knowledge of Emerick; and (b) because the statute, relied upon by petitioner Emerick, excludes the pleasure boat that caused the collision, from its protection. Libellant again requested a jury trial.

On June 7th petitioners filed a motion in the limitation action for injunction and a restraining order to stay proceedings in the death action in respect to any claim arising out of the collision except in the limitation action.

On June 14th the court entered an order consolidating the two causes for trial and ordering petitioners to answer libellant's declaration or libel in the death action. It vacated the appointment of a commissioner to take proof and ordered that the monition and injunction staying proceedings in the

death action be vacated to the extent made necessary by the consolidation order, and denying petitioners' motion for injunction restraining and staying other proceedings. On the same date the court ordered a jury trial "but upon the following conditions and understandings:

"1. That if after the hearing of proof this court determines that there should be a limitation of the amount recoverable by the libelant under the provisions of the United States Code, and the admiralty rules governing procedure, this court may then dismiss said jury and proceed as though no jury trial had been demanded or permitted, or

"2. That if this court deems it permissible and allowable that the question whether there was negligence to which the owner of the vessel was privity or had knowledge as provided in the Code for limitation, might properly be submitted to the jury for determination, he may, if he so desires, so submit the matter, or

"3. That this court may determine that the question of limitation may, if the rules so provide, be held in abeyance pending a jury's determination of what damages, if any, libelant is entitled to; and

"4. That this court maintains and does not surrender any other right, authority or power that it may deem that it possesses in relation to said jury, whether said jury be merely advisable or otherwise. * * *"

On June 20th libellant filed her answer to the petition for limitation and made her original declaration or libel a part thereof.

On June 29th petitioners appealed (1) from the order granting a jury trial; (2) from the order of consolidation; (3) from the refusal of the court to enjoin libellant from taking other proceedings in the death action; and (4) from the order vacating the order staying proceedings in the limitation action.

On September 30th appellee entered a motion here to dismiss the appeal. This motion was deferred until the hearing and now confronts us. It must be determined upon a consideration of the applicable statute which is as follows:

"The court of appeals shall have jurisdiction of appeals from:
\* \* \* \* \* \*
"(3) Interlocutory decrees of such district courts or the judges thereof *determining the rights and liabilities of the parties to admiralty cases* in which appeals from final decrees are allowed * * *." (Italics ours.) Title 28, U.S.C.A. § 1292.

■ The appeal must be dismissed. It is clear enough that all the orders appealed from were preliminary steps to bring both actions to final issue and determination. Whether they, or any of them, should or should not have been granted is not for our determination now. To allow appeals from every ruling of the court from the beginning would be to clog the wheels of justice. The "rights and liabilities of the parties," and by rights and liabilities we mean the merits of the controversies between them, have not been determined in the District Court and upon the face of the record could not be by any decision we might make.

In speaking of the statute above quoted as it stood in its original form, the Supreme Court in Schoenamsgruber v. Hamburg American Line, 294 U.S. 454, 458, 55 S.Ct. 475, 477, 79 L.Ed. 989, said: "The Act of April 3, 1926, 44 Stat. 233, added to section 129 a provision granting appeal 'from an interlocutory decree in admiralty determining the rights and liabilities of the parties.' This specification, taken in connection with the other parts of the section, indicates that Congress did not intend to make appealable any other interlocutory decrees in admiralty. Moreover, there is nothing to indicate that Congress intended to allow repeated appeals in the class of cases to which these belong. That would be contrary to its long-established policy. * * *" See also Lo Bue v. United States, 2 Cir., 178 F.2d 528, 531; Postal S. S. Co. v. International Freighting Corp., 5 Cir., 133 F.2d 10, 12; Jarka Corp. v. Rederii, 1 Cir., 110 F.2d 234; Stark v. Texas Co., et al., 5 Cir., 88 F.2d 182; The Maria, 2 Cir., 67 F.2d 571; H. Lissner & Co., Inc. v. Oceanic Steam Nav. Co. Ltd., 2 Cir., 30 F.2d 290.

Appeal dismissed.