UNITED STATES of America,
Appellant-Libellant,

v.

THE LAKE GEORGE, and Her Tackle, Apparel, Furniture, Equipment, etc., United States Petroleum Carriers, Inc., Appellee-Claimant.

No. 11451.

United States Court of Appeals Third Circuit.

Argued Feb. 24, 1955.

Decided June 24, 1955.

Morton Liftin, Washington, D. C. (Warren E. Burger, Asst. Atty. Gen., Leonard G. Hagner, U. S. Atty., Samuel D. Slade, Patrick F. Cooney, Anthony W. Gross, Attys. Dept. of Justice, Washington, D. C., on the brief), for appellant.

Charles H. Tuttle, New York City (Berl, Potter & Anderson, Wilmington, Del., Breed, Abbott & Morgan, New York City, David F. Anderson, Wilmington, Del., Colby Stilson, Edward J. Ross, Stuart H. Johnson, Jr., New York City,

on the brief), for United States Petroleum Carriers, Inc., Appellee.

Before GOODRICH, KALODNER and STALEY, Circuit Judges.

KALODNER, Circuit Judge.

The United States filed a libel in admiralty seeking the forfeiture of the tanker "Lake George". Four separate causes were asserted in support of the relief requested, three based upon alleged violations of ship registry laws[1] and the fourth upon alleged violation of the Shipping Act of 1916,[2] as amended. In a broad sense, the least common denominator of the four "causes of forfeiture" is the misrepresentation of facts relating to the true ownership interests in the tanker. The United States Petroleum Carriers, Inc., a Delaware corporation, claimant of the tanker, excepted to the "fourth cause" on the ground that it failed to state a claim upon which relief could be granted. The district court sustained the exception and dismissed the "fourth cause" in an order reciting that there was no just reason for delay and that it was a final judgment and decree, 123 F.Supp. 216. The United States has taken this timely appeal, but the claimant urges that the order is not appealable.

The issue thus raised as to our jurisdiction is, in our opinion, decisive of this appeal.

The United States maintains the order is appealable as a "final order" pursuant to 28 U.S.C. § 1291, with or without Rule 54(b), Federal Rules of Civil Procedure, 28 U.S.C., or that it is appealable as an interlocutory order "determining the rights and liabilities of the parties" pursuant to 28 U.S.C. § 1292(3). If the Rules of Civil Procedure are operative here, the United States urges the application of our decision in Bendix Aviation Corp. v. Glass, 3 Cir., 1952, 195 F.2d 267, 38 A.L.R.2d 356.

The express provision of Rule 81 (a) (1) renders the Federal Rules of Civil Procedure inapposite to admiralty proceedings. Although Rule 81(a) (2) applies the Rules to proceedings involving "forfeiture of property for violation of a statute of the United States", we are unable to find any authority for the proposition that this rule constitutes an exception to the general principle of Rule 81(a) (1). The notes of the advisers contain a lengthy list of illustrative examples for the application of Rule 81(a) (2), none of which relate to traditional admiralty proceedings. We find no justification for reading an exception into the recognized traditional dichotomy between admiralty and civil procedures, particularly in the light of 28 U.S.C. § 1292(3) which, in appropriate instances, renders the recitation required by Rule 54(b) needless.

The provision in the present judicial code, 28 U.S.C. § 1292(3), permitting interlocutory appeals from decrees in admiralty "determining the rights and liabilities of the parties" has remained constant since 1926.[3] It has occasioned little cause for controversy or comment. The classic example of its day-to-day operation is presented when there is a determination of liability as distinguished from amount, it being part of the admiralty tradition to refer the question of damages to a commissioner. Alltmont v. United States, 3 Cir., 1950, 177 F.2d 971, 973, certiorari denied 339 U.S. 967, 70 S.Ct. 999, 94 L.Ed. 1375. Concededly the statute permits an appeal in avoidance of the expense and delay of finding damages which may not be recovered. Stark v. Texas Co., 5 Cir., 1937, 88 F.2d 182, 183; The Maria, 2 Cir., 1933, 67 F.2d 571. It is settled, however, that the statute does not cover all interlocutory orders, but only such as "determine the rights and liabilities of the parties", and it was not intended

---

1. Revised Statutes 4189, as amended, 46 U.S.C.A. § 60; Revised Statutes 4143, 4163, as amended, 46 U.S.C.A. §§ 21, 33; Revised Statutes 4172, as amended 46 U.S.C.A. § 41.

2. 46 U.S.C.A. §§ 802, 808.

3. Act of April 3, 1926, 44 Stat. 233.

to allow repeated appeals. Schoenamsgruber v. Hamburg American Line, 1935, 294 U.S. 454, 458, 55 S.Ct. 475, 79 L.Ed. 989; also, Emerick v. Lambert, 6 Cir., 1951, 187 F.2d 786; Stark v. Texas Co., supra; The Maria, supra; H. Lissner & Co., Inc. v. Oceanic Steam Nav. Co., 2 Cir., 1929, 30 F.2d 290. The allowance of appeals under the statute appears, upon the cases, to attend upon the final determination of rights and liabilities, or at least upon the determination of substantial rights of the parties, particularly where there is an immediacy of prejudicial effect. Ryan Stevedoring Co., Inc., v. United States, 2 Cir., 1949, 175 F.2d 490, 492, certiorari denied 338 U.S. 899, 70 S.Ct. 249, 94 L.Ed. 553; Rice Growers Ass'n of California v. Rederiaktiebolaget Frode, 9 Cir., 1945, 171 F.2d 662, 663, certiorari denied 338 U.S. 878, 70 S.Ct. 159, 94 L.Ed. 539; Benevento v. United States, 2 Cir., 1947, 160 F.2d 487, 488; Barbarino v. Stanhope S. S. Co., 2 Cir., 1945, 151 F.2d 553, 555; The Helen L., 9 Cir., 1940, 109 F.2d 884, 886; Stark v. Texas Co., supra; 6 Moore, Federal Practice (2d ed) § 54.06, p. 38; cf. Petition of Moran Transp. Corp., 2 Cir., 1950, 185 F.2d 386, 389, certiorari denied 340 U.S. 953, 71 S.Ct. 573, 95 L.Ed. 687.

■ In the context of the cases decided under 28 U.S.C. § 1292(3), we are of the opinion that the order here involved, dismissing one of four grounds for the relief requested, is not within the class of interlocutory orders appealable. The liability of the vessel to forfeiture has yet to be determined, and, indeed, the disposition of the instant order on its merits may be rendered moot: there can be but one forfeiture, and there remain three grounds, or theories, upon which such forfeiture may be predicated. Accordingly, the order neither fixes liability, nor does it determine or affect substantial rights at this juncture.

■■ The foregoing conclusion renders inescapable the further conclusion that the order *sub judice* is not a final order or decree within the purview of 28 U.S.C. § 1291. For an order to be appealable as "final", it must be a complete disposition of the cause, the guiding principle being against piecemeal or fragmentary review. Cf. Catlin v. United States, 1945, 324 U.S. 229, 233–234, 65 S.Ct. 631, 89 L.Ed. 911. We recognize, of course, that an adjudication final as to a matter distinct from the general subject of the litigation and affecting only the parties to the particular controversy, qualifies for review. United States v. River Rouge Imp. Co., 1926, 269 U.S. 411, 414, 46 S.Ct. 144, 70 L.Ed. 339. We think the instant appeal an example of piecemeal litigation. Cf. Nyanza S.S. Co. v. Jahncke Dry Dock, 1924, 264 U.S. 439, 44 S.Ct. 355, 68 L.Ed. 777. Four grounds are asserted in the libel to bring about the forfeiture of a single vessel. As disclosed by the libel, all four are related by common factual background and issues. That some acts and omissions are involved in the "fourth cause of forfeiture" different from those involved in the others is not decisive. Indeed, as already pointed out, should the United States succeed upon the remaining issues, the propriety of the ruling here sought to be reviewed will be rendered moot. Nor is it a persuasive argument that if the decision in the court below ultimately goes against the United States, and if on appeal the instant disposition is reversed, there may well be delay and expense not otherwise suffered. Such is the result of the rule of finality. Balboa Shipping Co., Inc. v. Standard Fruit & Steamship Co., 2 Cir., 1950, 181 F.2d 109.

For the reasons stated, the appeal will be dismissed.