In the Matter of the Petition of WILLS LINES, Inc., for exemption from, or limitation of, liability, Petitioner-Appellee, Cross-Appellant,

Tankport Terminals, Inc., Claimant-Appellant, Cross-Appellee.

No. 30, Docket 23510.

United States Court of Appeals Second Circuit.

Argued Oct. 4, 5, 1955.

Decided Nov. 22, 1955.

Harry D. Graham, New York City, for petitioner-appellee, cross-appellant.

Krisel, Beck & Taylor, New York City (Maurice A. Krisel, Max Taylor and Irving Arthur James, New York City, of counsel), for claimant-appellant, cross-appellee.

Before CLARK, Chief Judge, and MEDINA and LUMBARD, Circuit Judges.

MEDINA, Circuit Judge.

These are cross-appeals in a proceeding in admiralty for exoneration from, or limitation of liability for damages caused by petitioner's M/V Mayfair when she came in contact with claimant's pier on the evening of January 15, 1953, in a fog.

The limitation proceeding was commenced on March 31, 1953 by the filing of the petition; and on the same day, pursuant to *ex parte* orders, a stipulation and *ad interim* bond in the amount of $15,056.25 were filed in the usual form, accompanied by the issuance of a monition and the customary restraining order. In due course proceedings before a Commissioner resulted in a finding that the interest of petitioner in the vessel was $30,000; this finding was confirmed by Judge Clancy; and an order was made by Judge Bicks, on September 23, 1954, directing petitioner to file an additional stipulation and security for $15,000. This petitioner failed to do. Claimant thereupon moved for a decree *pro confesso*. The matter came on for hearing before Judge Ryan who refused to enter an interlocutory default decree, but, instead denied so much of the petition as prayed for exoneration from or limitation of liability, and vacated the restraining order. There was no dismissal of the proceeding, but rather a direction that claimant might proceed to trial therein or bring an independent suit at its election.

The main appeal is by claimant from so much of Judge Ryan's order as denies the application for an interlocutory default decree. In a perfunctory way, without citation of authority or the statement of any reasons, petitioner advances the contention that the main appeal must be dismissed.

The notice of the cross-appeal is a fantastic document. By it petitioner purports to appeal not only from that part of Judge Ryan's order which denies petitioner the right to limit its liability, but also from "all of the intermediate orders and proceedings subsequent to the 6th day of May, 1953," including the order of reference to the Commissioner, the order confirming the Commissioner's report, "and such other pertinent orders in connection with the compulsory evaluation and orders thereon." But no motion has been made on claimant's behalf to dismiss the cross-appeal, nor has the appealability of the various orders referred to in petitioner's notice of cross-appeal been discussed in the brief of claimant or on oral argument.

The file in the clerk's office discloses a mass of miscellaneous orders; and petitioner's counsel seems to have had a perfect procedural field day. But nothing remotely resembling a determination of "the rights and liabilities of the parties", as provided in 28 U.S.C. § 1292(3), has yet taken place.

■ When, by amendment in 1926, certain interlocutory appeals were permitted in admiralty cases, it was not contemplated that the dockets of appellate courts in the federal system should be burdened with all the odds and ends of interlocutory orders, most or all of which would in any event be reviewable on an appeal by an aggrieved party from a final decree. It has been repeatedly held, in this Circuit and elsewhere, that interlocutory decrees "determining the rights and liabilities of the parties to admiralty cases" means deciding "the merits of the controversies between them". The Maria, 2 Cir., 67 F.2d 571; H. Lissner & Co., Inc., v. Oceanic Steam Nav. Co. Ltd., 2 Cir., 30 F.2d 290; Jarka Corp. v. Rederii, 1 Cir., 110 F.2d 234; Postal S. S. Co. v. International Freighting Corp., 5 Cir., 133 F.2d 10; Emerick v. Lambert, 6 Cir., 187 F.2d 786, 788.

Accordingly, as each of the orders referred to in the main appeal and the cross-appeal as well, is plainly interlocutory and as none of them determines "the rights and liabilities of the parties to admiralty cases" the appeals must be dismissed, unless claimant can bring its appeal within the principle of Cohen v. Beneficial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528, which it tries to do. In that case it was held that appeals would lie from certain orders which, while technically interlocutory, "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."

Where a district court has denied a motion to compel a minority stockholder to post security required by an applicable state statute, or where an attachment or garnishment has been vacated, it is easy to see that, unless an appeal is allowed promptly after the issuance of the order, it will be too late to correct the error. A plaintiff in a minority stockholders' suit, who bought 100 shares of stock a few days before commencing the action may well turn out, after the dismissal of the suit on the merits, to be possessed of no property whatever. If the court erroneously refuses to compel plaintiff to post the security in the beginning, this is for all practical purposes "a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it." Cohen v. Beneficial Loan Corp., 337 U.S. at pages 546–547, 69 S.Ct. at page 1226. Similarly in the case of an order vacating an attachment. "Appellate review of the order dissolving the attachment at a later date would be an empty rite after the vessel had been released and the restoration of the attachment only theoretically possible." Swift & Co. v. Compania, etc., 339 U.S. at page 689, 70 S.Ct. at page 865.

■ But here postponement of a consideration on appeal of claimant's alleged right to an interlocutory decree *pro confesso* will cause it no irreparable damage. If claimant prevails on the merits, his earlier objection will merge in the judg-

ment. If, on the other hand, claimant loses on the merits, he may still review the order now sought to be reversed, on his appeal from the final judgment disposing of the case, and, at the same time, raise such questions as the record of the trial on the merits may disclose. In the meantime, he may have been needlessly exposed to the expense of prosecuting the case and proving his case on the merits. But this is unavoidable and may well be the consequence of any interlocutory and non-appealable orders, such as those denying motions for summary judgment or for the entry of default judgments generally.

As we have no jurisdiction of either the main appeal or of the cross-appeal we have no alternative other than to dismiss them.

Appeals dismissed.