Eugene CUMMINGS

v.

REDEERIAKTIEB TRANSATLANTIC, Appellant.

No. 12007.

United States Court of Appeals Third Circuit.

Argued Jan. 10, 1957.

Decided Sur Petition For Rehearing March 12, 1957.

Eugene H. Lippman, Philadelphia, Pa. (T. E. Byrne, Jr., Krusen, Evans & Shaw, Philadelphia, Pa., on the brief), for appellant.

Martin J. Vigderman, Philadelphia, Pa. (Joseph Weiner, Freedman, Landy & Lorry, Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH, KALODNER and HASTIE, Circuit Judges.

GOODRICH, Circuit Judge.

The appellee, Cummings, has petitioned for rehearing following the filing of our opinion on January 23, 1957. Our judgment reversed the trial court which in turn had refused to dismiss the part of a libel based upon a claim of unseaworthiness.

The appellee now suggests, with apologies for raising the question now

for the first time, that the court had no jurisdiction. He need not apologize; the jurisdictional point is always open and the court should be alert to it whether counsel notes it or not.

■ We are constrained to agree that there is no jurisdiction in this case. The statute involved is 28 U.S.C. § 1292 (3). This provides for an appeal from an interlocutory decree in admiralty "determining the rights and liabilities of the parties * * *." The purpose of this amendment to the judicial code is stated by Judge Foster in Stark v. Texas Co., 5 Cir., 1937, 88 F.2d 182, 183. He points out that these appeals are allowed only when the interlocutory decree determines rights and liabilities of the parties. The purpose of this allowance, he states, as follows:

"* * * It has always been the practice in courts of admiralty, in certain cases, to first determine the liabilities of the parties to the suit and then refer the case to a commissioner to take evidence and fix the measure of damages. Prior to the amendment, no appeal would lie from the preliminary decree. It was to avoid delay and the expense of taking further evidence, that might prove to be useless, if the decree as to liability should be reversed, that the amendment was adopted."

Both courts and text writers agree that this is correct. The Maria, 2 Cir., 1933, 67 F.2d 571; In re Wills Lines, Inc., 2 Cir., 1955, 227 F.2d 509; South Carolina State Highway Department v. The Fort Fetterman, 4 Cir., 1956, 236 F.2d 221; 4 Benedict, Admiralty § 555 (6th ed. 1940); 6 Moore, Federal Practice ¶ 54.06[5] (2d ed. 1953).

■ An order refusing to dismiss a libel does not settle rights or liabilities of parties. If the libel had been dismissed it would have settled them obviously. But by refusing to dismiss the trial court simply left the matter in status quo for further action. It is not the type of an order which is appealable under the section quoted. Consequently our opinion of January 23, 1957 was only an advisory one. However good the advice was, federal courts do not give advisory opinions.

The opinion will be withdrawn, therefore, and the appeal dismissed for lack of jurisdiction.