**ST. LOUIS SHIPBUILDING & STEEL COMPANY, Appellant,**

v.

**PETROLEUM BARGE COMPANY, Inc., and R. V. Warner, D/B/A R. V. Warner Transportation Company, Appellees.**

No. 15825.

United States Court of Appeals Eighth Circuit.

Dec. 16, 1957.

Rehearing Denied Jan. 16, 1958.

Wilder Lucas, St. Louis, Mo. (Ralph T. Finley and Joseph A. Murphy, St. Louis, Mo., on the brief), for appellant.

John O. Hichew, St. Louis, Mo. (Thompson, Mitchell, Thompson & Douglas, Charles M. Spence, and Richard P. Conerly, St. Louis, Mo., on the brief), for appellees.

Before GARDNER, Chief Judge, and VOGEL and VAN OOSTERHOUT, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

St. Louis Shipbuilding & Steel Company, respondent below, seeks to appeal from an order of the District Court, sitting in admiralty, overruling respondent's motion to join Standard Fire Insurance Company of Hartford, Connecticut, hereinafter called Standard, as a party litigant. Respondent's right to appeal from such order is challenged.

This action was brought in admiralty by libelants, Petroleum Barge Company, Inc. and R. V. Warner, against respondent to recover damages sustained by the tank barge "Mississippi", owned by Petroleum Barge Company, as a result of an explosion, and for damages inflicted by such explosion upon the tug owned by Warner which was towing the barge, and for damages for death and injuries to crew members of the tug. Respondent had built the barge for the Petroleum Barge Company. Libelants asserted the barge was negligently constructed and inadequately inspected by the respondent, and that the explosion was caused by defects in construction and was not due to any negligence on the part of libelants.

The respondent filed a motion to join Standard as a party litigant, stating that respondent had financed $52,638 of the cost of the barge, secured by mortgage upon the barge; that as part of the financing agreement Petroleum Barge Company agreed to obtain forthwith $75,000 marine, hull and collision insurance and a like amount of marine protection and indemnity insurance, both including coverage for loss or damage as a result of fire or explosion; that said agreement also provided that respondent was to be named co-assured in the policies; that prior to the explosion Petroleum Barge Company placed the insurance as aforesaid with Standard, with direc-

tions to name respondent co-assured, but that no policies were issued until after the explosion; and that the policies subsequently issued failed to name respondent co-assured, contrary to the agreement entered into between Petroleum Barge Company and Standard that respondent be named co-assured.

Said motion also states that Standard has, under its policy issued to Petroleum Barge Company, paid the losses suffered by the libelants, and as a result of such payments Standard became subrogated to the rights of the libelants. The motion continues: "Standard Fire Insurance Company breached its contract aforesaid and is now endeavoring to recover from respondent moneys which, under the contract as entered into with Petroleum Barge Company, Inc., it was and is not entitled to recover, as respondent was supposed to be a co-assured under the marine hull and marine protection and indemnity insurance to be afforded by the real party in interest herein, namely, Standard Fire Insurance Company; that in order to enable respondent to effectively assert this defense against Standard Fire Insurance Company, Standard Fire Insurance Company, as a real party in interest in these proceedings, should be made a party libelant or a party respondent under Rule 56, or as the Court may otherwise direct."

Respondent prays that Standard be made a party to this action, that proper citation issue, and that respondent be granted such other and further relief as to the Court may seem just.

The record discloses no response or resistance to the motion. The court overruled respondent's motion by order entered May 16, 1957, reading:

"The Court having before it the Respondent's motion to join Standard Fire Insurance Company of Hartford, Connecticut, as party litigant in the above-entitled cause, and having examined said motion, heard the argument of counsel, studied the briefs of the parties, and being fully advised in the premises, Doth Order that said motion be and the same is

hereby overruled. Warner v. The Gas Boat Bear, D.C.Alaska, 1955, 126 F.Supp. 529."

Our threshold consideration is whether an appeal lies from the order just quoted. Respondent bases its right to appeal on 28 U.S.C.A. § 1292(3), which gives courts of appeal jurisdiction of appeals from "interlocutory decrees * * * determining the rights and liabilities of the parties to admiralty cases."

In Schoenamsgruber v. Hamburg American Line, 294 U.S. 454, 55 S.Ct. 475, 79 L.Ed. 989, the Court had occasion to consider the foregoing statute. There, the attempted appeal was from an order in admiralty directing the parties to proceed to arbitration, staying proceedings pending arbitration, and retaining jurisdiction. Such order was held not to be appealable. In discussing section 1292 (3) the Court states (294 U.S. at page 458, 55 S.Ct. at page 477):

"* * * This specification, taken in connection with the other parts of the section, indicates that Congress did not intend to make appealable any other interlocutory decrees in admiralty. Moreover, there is nothing to indicate that Congress intended to allow repeated appeals in the class of cases to which these belong. That would be contrary to its long-established policy. * * *"

In In re Wills Lines, Inc., 2 Cir., 227 F.2d 509, the attemped appeal was from an order denying a default decree because of petitioner's failure to post additional security as ordered, as well as from a number of other interlocutory orders. The appeal was dismissed for want of jurisdiction, the court stating (at page 510):

"When, by amendment in 1926, certain interlocutory appeals were permitted in admiralty cases, it was not contemplated that the dockets of appellate courts in the federal system should be burdened with all the odds and ends of interlocutory orders, most or all of which would in any event be reviewable on an appeal by an aggrieved party from a final

decree. It has been repeatedly held, in this Circuit and elsewhere, that interlocutory decrees 'determining the rights and liabilities of the parties to admiralty cases' means deciding 'the merits of the controversies between them'. * * * "

In Cummings v. Redeeriaktieb Transatlantic, 3 Cir., 242 F.2d 275, an admiralty action, the appeal was from an order refusing to dismiss the libel. In dismissing the appeal the court said (at page 276):

" * * * The purpose of this amendment [28 U.S.C.A. § 1292(3)] to the judicial code is stated by Judge Foster in Stark v. Texas Co., 5 Cir., 1937, 88 F.2d 182, 183. He points out that these appeals are allowed only when the interlocutory decree determines rights and liabilities of the parties. The purpose of this allowance, he states, as follows:

" ' * * * It has always been the practice in courts of admiralty, in certain cases, to first determine the liabilities of the parties to the suit and then refer the case to a commissioner to take evidence and fix the measure of damages. Prior to the amendment, no appeal would lie from the preliminary decree. It was to avoid delay and the expense of taking further evidence, that might prove to be useless, if the decree as to liability should be reversed, that the amendment was adopted.'

"Both courts and text writers agree that this is correct. The Maria, 2 Cir., 1933, 67 F.2d 571; In re Wills Lines, Inc., 2 Cir., 1955, 227 F.2d 509; South Carolina State Highway Department v. The Fort Fetterman, 4 Cir., 1956, 236 F.2d 221; 4 Benedict, Admiralty § 555 (6th ed. 1940); 6 Moore, Federal Practice, ¶ 54.06[5] (2d ed. 1953)."

Other cases holding interlocutory orders in admiralty not appealable are United States v. The Lake George, 3 Cir., 224 F.2d 117; Emerick v. Lambert, 6 Cir., 187 F.2d 786.

We are in accord with the views set out in the quotation from the Cummings case, supra. The statutory provision for allowance of interlocutory appeals in patent cases, as provided by 28 U.S.C.A. § 1292(4), is quite similar. There appeals are allowed from judgments which are final except for accounting. Section 1292 as a whole indicates that Congress intended appeals from interlocutory orders to be strictly limited to the unusual situations wherein such appeals are expressly authorized. Schoenamsgruber v. Hamburg American Line, supra.

Respondent, in support of its contention that it is entitled to appeal from the interlocutory order involved in this case, cites and relies upon Ryan Stevedoring Co. v. United States, 2 Cir., 175 F.2d 490; Benevento v. United States, 2 Cir., 160 F.2d 487; and Barbarino v. Stanhope S.S. Co., 2 Cir., 151 F.2d 553.

In the Ryan case the appellant sought to hold the United States liable upon an impleading petition for damages it might have to pay for a maritime loss. The trial court found no basis of liability against the United States and dismissed the impleading petition. The appeal was considered upon the basis that there had been a determination of the rights and liabilities of the parties. In the Benevento case the appeal was considered upon the basis that the order appealed from finally determined the rights between the appellant and the War Shipping Administrator. In the Barbarino case the court, after trial, dismissed the action against the stevedore who had been impleaded, on the theory that no liability on the part of the stevedore had been shown. The court held the order dismissing the action against the stevedore affected the rights of the parties and was appealable.

The cases relied upon by the respondent are readily distinguishable from the cases we have previously cited and from our present case. In the cases relied upon by respondent the orders appealed from appear to be based upon a determination of the rights and liabilities of the

litigants. Moreover, all cases respondent cites are from the Second Circuit and are prior in time to In re Wills, Inc., supra.

 The crucial question for consideration is whether the order appealed from determines the rights and liabilities of the parties. We are convinced that the order appealed from does not determine the rights and liabilities of the parties. The trial court's order has heretofore been set out in full. It contains no findings of fact. One of respondent's contentions in the motion was that it was authorized to implead Standard by virtue of Admiralty Rule 56, 28 U.S.C.A. In denying the motion to join Standard, the court cited only the case of Warner v. The Gas Boat Bear, D.C.Alaska, 126 F. Supp. 529. That case holds that the claim which furnishes the basis for impleader must be maritime in nature. In the Gas Boat Bear case the claim sought to be impleaded was for breach of agreement to procure insurance upon the vessel subsequently damaged. The court held that such a claim was not maritime in nature, and that consequently the admiralty court had no jurisdiction to permit its joinder.

We believe that a fair construction of the trial court's order in the present case is that it denied impleader upon the ground that it lacked jurisdiction to permit the impleader of a non-maritime claim. The determination by the trial court that it lacked jurisdiction to permit the impleader is not a determination of the rights and liabilities of the parties. We do not here decide whether the court had jurisdiction to order the impleader, as we do not reach such question since we find that the order complained of is not appealable.

Respondent further urges that its motion also raises the question that it was entitled to have Standard joined as a real party in interest so that it can assert a defense it claims against Standard. There is nothing in the court's order to indicate that it made any ruling or determination upon respondent's contention

that Standard was the real party in interest. As we read the record there is no adjudication upon the real party in interest issue or upon the validity of the defense which respondent sought to urge against Standard. Accordingly, we conclude that there has been no determination of the rights and liabilities of the parties by the order involved, and hence no appeal lies from such order.

To avoid confusion or misunderstanding we state that the only matter that we here decide is that the appeal must be dismissed for want of jurisdiction. Because of this lack of jurisdiction, we make no decision upon any other issue which the parties have attempted to raise.

Appeal dismissed.