**EAGLE OF GLOUCESTER, INC.,**
Claimant, Appellant,

v.

**CONSOLIDATED FISHERIES, INC.,**
Libellant, Appellee, two cases.

Nos. 5462, 5474.

United States Court of Appeals
First Circuit.

July 8, 1959.

C. Richard Clark, Gloucester, Mass., for appellant.

No appearance for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

These are consolidated appeals from two actions which need not be described of the United States District Court for the District of Massachusetts overruling exceptions to a libel in admiralty brought *in rem* against the oil screw fishing vessel "Eagle." There is no need for extended discussion for it is abundantly clear from the pertinent statutory provisions and the cases that this court does not have jurisdiction over the the appeals.

The actions of the court below from which these appeals have been taken are clearly not "final decisions" appealable under Title 28 U.S.C. § 1291. On the contrary, the effect of the rulings is to leave the libel standing for trial on the merits, meaning by the merits the issues on which liability as distinguished from amount of damages may finally depend. See The Maria, 2 Cir., 1933, 67 F.2d 571. The District Court's rulings are clearly interlocutory. But since they do not determine "the rights and liabilities of the

**556**

parties," they are not interlocutory orders of the kind made appealable by Title 28 U.S.C. § 1292(a)(3).

In this situation it is pertinent to quote the language used by this court in Jarka Corporation v. Rederii, 1 Cir., 1940, 110 F.2d 234, 235, in which, in dismissing an appeal from a decree overruling exceptions to a libel *in personam* under the statutory provision preceding § 1292(a)(3), supra, we said:

"Appeals lie, not from all interlocutory decrees in admiralty, but only from such interlocutory decrees as determine 'the rights and liabilities of the parties.' 44 Stat. 233, 28 U.S.C.A. § 227. The decree below merely determines that the libel states a good cause of action. It does not determine the rights and liabilities of the parties, because at the trial the libellant may fail to prove his case. Stark v. Texas Co., 5 Cir., 1937, 88 F.2d 182; The Maria, 2 Cir., 1933, 67 F.2d 571; see Schoenamsgruber v. Hamburg American Line, 1935, 294 U.S. 454, 55 S.Ct. 475, 79 L.Ed. 989; H. Lissner & Co., Inc. v. Oceanic Steam Navigation Co., 2 Cir., 1929, 30 F.2d 290."

On like reasoning the court reached the same result in The Maria, supra, which arose upon an interlocutory decree dismissing exceptions to a libel *in rem*.

The present statute has been given the same construction in the following cases: Rogers v. Alaska Steamship Co., 9 Cir., 1957, 249 F.2d 646; Cummings v. Redeeriaktieb Transatlantic, 3 Cir., 1957, 242 F.2d 275; cf. The Fort Fetterman, 4 Cir., 1956, 236 F.2d 221. See also Ore Navigation Corp. v. Thomsen, 4 Cir., 1958, 256 F.2d 447 (per curiam); St. Louis Shipbuilding & Steel Co. v. Petroleum Barge Co., 8 Cir., 1957, 249 F.2d 905; Pannizzo v. Lauro, 2 Cir., 1955, 228 F.2d 222 (per curiam); In re Wills Lines, Inc., 2 Cir., 1955, 227 F.2d 509, certiorari denied Tankport Terminals, Inc., v. Wills Lines, Inc., 1956, 351 U.S. 917, 76 S.Ct. 709, 100 L.Ed. 1450; United States v. The Lake George, 3 Cir.,

1955, 224 F.2d 117; Emerick v. Lambert, 6 Cir., 1951, 187 F.2d 786.

An order will be entered in each case dismissing the appeal for want of appellate jurisdiction.