299 F.2d 78
 Phyllis A. BERGERON, as Administratrix of the Estates of Nancy M. Guy, deceased, Kenneth Charles Guy, deceased, and Elaine Barbara Guy, deceased, Plaintiff-Libelant-Appellant,
v.
KONINKLIJKE LUCHTVAART MAATSCHAPPIJ, N.V., also known as KLM/ Royal Dutch Airlines, Defendant-Respondent-Appellee.
 No. 191.
 Docket 26752.
 United States Court of Appeals Second Circuit.
 Argued January 12, 1962.
 Decided February 14, 1962.
 
 James M. FitzSimons, Brooklyn, N. Y. (Emile Z. Berman, A. Harold Frost, and Marvin V. Ausubel, of Berman & Frost, New York City, on the brief), for plaintiff-libelant-appellant.
 Eugene C. Brugger, of Haight, Gardner, Poor & Havens, New York City, for defendant-respondent-appellee.
 Before LUMBARD, Chief Judge, and CLARK and FRIENDLY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-libelant, a citizen of Massachusetts, is the administratrix of the estates of three Massachusetts citizens who lost their lives when a KLM/Royal Dutch Airlines plane on which they were passengers crashed on the high seas en route from Ireland to New York on August 14, 1958. In her action for wrongful death based on the defendant-respondent's alleged negligence she has set forth her claims in a "Libel and Complaint" consisting of thirty-eight paragraphs, grouped in nine "causes of action," three for each intestate. Of these in each case one cause is based on the general right of action in admiralty given the personal representative of a decedent for the benefit of the spouse, children, or dependent relative by Section 1 of the Death on the High Seas Act, 46 U.S.C. § 761; another cause is based on Section 4 of the same Act, 46 U.S.C. § 764, giving a right of action in admiralty whenever a right of action is granted by the law of any foreign state; while the third cause is brought in the diversity-of-citizenship jurisdiction of the court and based on a pleaded death-damage law of the defendant's country, the Kingdom of the Netherlands. On defendant's exceptions and motion to dismiss attacking the sufficiency of all but the three causes based on 46 U.S.C. § 764, Judge Kaufman agreed that the remedy afforded by this provision was exclusive and dismissed the other six causes, D.C.S.D.N.Y., 188 F.Supp. 594. Thereafter he declined to issue the certificate for an interlocutory appeal under 28 U.S.C. § 1292(b).
 
 
 2
 At the outset we are met with a question of our appellate jurisdiction. Since the basic issue of negligence to what is after all but a single cause of action as to each decedent, Grillea v. United States, 2 Cir., 232 F.2d 919, 921; Original Ballet Russe v. Ballet Theatre, 2 Cir., 133 F.2d 187, remains to be tried and there has been no fixing of liability for the crash, there is clearly no final decision as required for appeal under 28 U.S.C. § 1291, and no basis for appeal under 28 U.S.C. § 1292(a) (3) from an interlocutory decree in admiralty "determining the rights and liabilities of the parties." See, e.g., Allen N. Spooner & Son v. Connecticut Fire Ins. Co., 2 Cir., 297 F.2d 609; Eagle of Gloucester, Inc. v. Consolidated Fisheries, Inc., 1 Cir., 268 F.2d 555; Ore Nav. Corp. v. Thomsen, 4 Cir., 256 F.2d 447; St. Louis Shipbuilding & Steel Co. v. Petroleum Barge Co., 8 Cir., 249 F.2d 905; Cummings v. Redeeriaktieb Transatlantic, 3 Cir., 242 F.2d 275; In re Wills Lines, Inc., 2 Cir., 227 F.2d 509, certiorari denied Tankport Terminals, Inc. v. Wills Lines, Inc., 351 U.S. 917, 76 S.Ct. 709, 100 L.Ed. 1450. From the argument it appears that a question of the applicability of a Dutch limitation on recovery is likely to assume importance; but there are various incidental issues, in addition to that of the governing law, to be settled before a final award can be settled. See, e. g., Note, Recovery from Airlines under the Death on the High Seas Act: A Conflicts Rule Suggested, 67 Yale L.J. 1445, 1449-1451, 1458-1459 (1958); and cf. Koninklijke Luchtvaart Maatschappij N.V. KLM Royal Dutch Airlines Holland v. Tuller, D.C. Cir., 292 F.2d 775, certiorari denied 368 U.S. 921, 82 S.Ct. 243, 7 L.Ed.2d 136, upholding a substantially unlimited recovery against this defendant under the circumstances there disclosed. Hence this appeal is premature.
 
 
 3
 Appeal dismissed.