**MEDOMSLEY STEAM SHIPPING COMPANY, Appellant,**

v.

**ELIZABETH RIVER TERMINALS, INC., Appellee.**

No. 8851.

United States Court of Appeals Fourth Circuit.

Argued March 28, 1963.

Decided May 28, 1963.

Walter B. Martin, Jr., Norfolk, Va. (Vandeventer, Black, Meredith & Martin, Norfolk, Va., on brief), for appellant.

Jack E. Greer, Norfolk, Va. (Williams, Cocke, Worrell & Kelly, Norfolk, Va., on brief), for appellee.

Before SOBELOFF, Chief Judge, J. SPENCER BELL, Circuit Judge, and PREYER, District Judge.

J. SPENCER BELL, Circuit Judge.

Libellant's vessel was moored to respondent's pier when it broke away during a high wind and damaged a bridge which belonged to the Commonwealth of Virginia. Respondent declined to participate in a subsequent settlement of the Commonwealth's claim for damages to its bridge, and this action was brought. The libel as filed alleged a right of indemnification against the respondent wharfinger upon a theory of implied war-

ranty as distinguished from a right to recover in an action sounding in negligence. The respondent, while conceding that an action based on negligence may be maintained, filed excepions to the libel. Being reluctant to extend the doctrine of implied warranty to the obligations of a wharfinger, the Court sustained the exceptions, giving libellant opportunity to amend. From this order the libellant has appealed, contending we have jurisdiction under Title 28 U.S.C.A. § 1292(a) (3). In the meantime, libellant has amended its libel to allege negligence and the proceedings are pending below.

The historic policy of the federal courts has been that appeal will lie only from a final decision. 28 U.S.C.A. § 1291; Brown Shoe Co., Inc. v. United States, 370 U.S. 294, 306, 82 S.Ct. 1502, 8 L.Ed.2d 510 (1962); Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940). Nevertheless, it is not feasible to bar all interlocutory appeals, and 28 U.S.C.A. § 1292(a) lists a number of specific instances in which interlocutory orders are appealable. Section 1292(a) (3) vests the Court of Appeals with jurisdiction of appeals from:

"Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed;"

Discussing the purpose of this section, Judge Medina said in In re Wills Lines, Inc., 227 F.2d 509 (2 Cir. 1955), cert. denied sub nom. Tankport Terminals, Inc. v. Wills Lines, Inc., 351 U.S. 917, 76 S.Ct. 709, 100 L.Ed. 1450 (1956):

"When, by amendment in 1926, certain interlocutory appeals were permitted in admiralty cases, it was not contemplated that the dockets of appellate courts in the federal system should be burdened with all the odds and ends of interlocutory orders, most or all of which would in any event be reviewable on an appeal by an aggrieved party from a final decree. It has been repeatedly held, in this Circuit and elsewhere, that interlocutory decrees 'determining the rights and liabilities of the parties to admiralty cases' means deciding 'the merits of the controversies between them'." [Citing cases].

See to like effect Bergeron v. Koninklijke Luchtvaart Maatschappij, 299 F.2d 78 (2 Cir. 1962); Eagle of Gloucester, Inc. v. Consolidated Fisheries, Inc., 268 F.2d 555 (1 Cir. 1959); Ore Navigation Corp. v. Thomsen, 256 F.2d 447 (4 Cir. 1958). In South Carolina State Highway Dept. v. The Fort Fetterman, 236 F.2d 221, 222 (4 Cir. 1956), Chief Judge Parker quoted with approval the language used in The Maria, 67 F.2d 571 (2 Cir. 1933):

"That statute [now 28 U.S.C. 1292 (a) (3)] was primarily intended to avoid the expense and delay of a reference to compute damages, since it is always possible that the libelant may later turn out to have no right to recover at all; * * *."

■ That the rule of finality has worked some hardships in cases other than those provided for in § 1292(a) has been conceded, and on September 2, 1958, 72 Stat. 1770, 28 U.S.C. § 1292(b) was passed in recognition of this fact. In brief the Act provides that the District Court may certify an order not otherwise appealable if the Court believes that it involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order will materially advance the ultimate termination of the litigation. This Court may in its discretion entertain an appeal from an order so certified. Hadjipateras v. Pacifica, S.A., 290 F.2d 697 (5 Cir. 1961); Continental Grain Co. v. Federal Barge Lines, Inc., 268 F.2d 240 (5 Cir. 1959), affirmed sub nom. Continental Grain Co. v. Barge FBL–585, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960).[1]

---

1. The Supreme Court did not discuss this question, but did affirm the Circuit Court which fully discussed 28 U.S.C.A. § 1292 (b)'s applicability to admiralty cases.

While the statute contains no limitations on the types of interlocutory orders otherwise not appealable to which it may be applied, legislative history clearly indicates that its use was to be confined to exceptional cases "where a decision of the appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases * * *." 1958 U.S.Code Cong. & Adm.News, pp. 5260–5261.

Obviously this is not such a case, and undoubtedly that is why the District Court did not execute the required certificate. The appeal must, therefore, be dismissed as premature.

Dismissed.