Edward J. MISKIEWICZ, t/a Maryland Marina, George P. Kopack, George Matthews and Lee O. Akers, Appellees,

v.

Ronald H. GOODMAN, Claimant of YACHT #MD 1539 BB, Appellant.

No. 9426.

United States Court of Appeals Fourth Circuit.

Argued Nov. 19, 1964.

Decided Feb. 2, 1965.

Ronald H. Goodman, Baltimore, Md., pro se (Friedman & Goodman, Alvin E. Friedman and J. Frederick Smitzel, Jr., Baltimore, Md., on brief).

Samuel H. Guth, for appellees.

Before SOBELOFF, Chief Judge, and HAYNSWORTH and BOREMAN, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the United States District Court for the District of Maryland sitting in Admiralty. Appellant Goodman purchased a yacht and as a condition of sale the seller was to make substantial repairs to the vessel which were to be paid for by the seller from the proceeds of sale. Prior to the sale appellee, Miskiewicz, who had possession of the yacht, had libeled and caused it to be attached for money allegedly due him from the seller. When Goodman purchased the yacht he was unaware, even after inquiry, of the existence of the libel and attachment.

To do the work on the yacht as specified in the contract of sale, the seller employed Miskiewicz and the latter asked Kopack, Akers and Matthews to assist. The seller, apparently financially irresponsible, did not pay for this repair work and Miskiewicz demanded payment from Goodman. When Goodman refused to pay, Miskiewicz informed him of the earlier libel which Goodman then satisfied and took possession of the yacht. Soon thereafter Miskiewicz filed a libel for the cost of the repairs which he had performed under the contract with the seller. Kopack, Akers and Matthews filed intervening libels to cover their claims for repair work and the yacht was again attached. Goodman posted security and the boat was released to him.

Goodman filed a motion to dismiss the libels for lack of admiralty jurisdiction and for other reasons. The court treated the motion as one for summary judgment and in a memorandum filed July 10, 1963, denied the motion. Thereafter, additional pleadings were filed in the proceeding among which were in personam cross-libels by Goodman against Miskiewicz, Kopack, Akers and Matthews. The cross-libels in essence alleged that the repair work was improperly and negligently performed and in each instance claimed money damages in excess of the claims of Miskiewicz and the intervenors asserted in their libels.

Miskiewicz and Kopack filed exceptions to the cross-libels on the ground that the cross-libels were not cognizable in admiralty. By order of February 7, 1964, the court sustained the exceptions filed by Miskiewicz and Kopack, dismissed the cross-libels against them because of the lack of admiralty jurisdiction, denied Goodman's request for permission to amend the cross-libels and, on its own motion, dismissed the cross-libels against

Akers and Matthews.[1] The court denied also the motions of Goodman to require Miskiewicz, Kopack, Akers and Matthews to provide security pursuant to General Admiralty Rule 50. Goodman filed notice of appeal from the order of February 7, 1964.[2]

■■ We are met at the outset with a question raised as to our jurisdiction to entertain the appeal as it is contended that the order of February 7, 1964, is interlocutory and not appealable. Goodman contends that this court has jurisdiction to entertain this appeal by virtue of 28 U.S.C.A. § 1292(a) (3), which provides:

"(a) The courts of appeals shall have jurisdiction of appeals from:

\*    \*    \*    \*    \*    \*

"(3) Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed;"

Not every interlocutory order. is appealable under this provision, but only those which determine the "rights and liabilities" of the parties. Ore Navigation Corp. v. Thomsen, 256 F.2d 447 (4 Cir. 1958); South Carolina State Highway Dept. v. The Fort Fetterman, 236 F.2d 221 (4 Cir. 1956). It is contended by appellees that the order dismissing the cross-libels for lack of admiralty jurisdiction does not fall within the limited class of interlocutory orders appealable under this subsection. We agree.

We have found no case, and none has been called to our attention, which has considered the appealability of an order dismissing a cross-libel since the statute

allowing interlocutory appeals was enacted in 1926. In Koch-Ellis Marine Contractors, Inc. v. Phillips Petroleum Co., 219 F.2d 520 (5 Cir. 1955), a cross-libel was dismissed because it was non-maritime, but the interlocutory order was not appealed. On appeal from the final order the court stated in a footnote:

"The allegations in the cross-libel come nearer to pleading a contract, but no effective appeal was, or could have been, taken from the action of the court in dismissing this claim of the cross-libel." (Footnote 5 at page 523; emphasis added).

No reasons were given for the statement and we do not deem it persuasive authority for the disposition of the present appeal. In Bowker v. United States, 186 U.S. 135, 22 S.Ct. 802, 46 L.Ed. 1090 (1902), decided before the statute allowing interlocutory appeals in admiralty was enacted, the Court held that an order dismissing a cross-libel was not final and therefore not appealable.

■ The appealability of numerous types of interlocutory orders in admiralty has been considered by the courts. An examination of these decisions shows that courts have construed the phrase, "determining the rights and liabilities of the parties," to mean the determination of substantive rights. As stated by the court in Rogers v. Alaska S. S. Co., 249 F.2d 646 (9 Cir. 1957), at page 649:

"The 'rights and liabilities' referred to in the above subsection are *substantive* in nature—not adjective, tactical, or procedural. \* \* \*."

This principle has been applied in the following cases where appeals have been allowed: Ryan Stevedoring Co. v. United States, 175 F.2d 490 (2 Cir. 1949); Rice

1. The court stated in its opinion:
"Now this is not to say, of course, that in the trial of the original libel that the claimant [Goodman] may not assert or defend the original libel on the ground that work, for which money is sought to be recovered or the maritime lien exercised, was either not performed or was improperly performed as a defense.
"This is to say simply that if the claimant wishes to take the next step, and that is of suing independently for

the failure to perform certain work or the improper performance of certain work giving rise to money damages over and above the amount which was initially agreed to be paid, he must do so on the civil side of the Court where, if the parties wish to avail themselves of the right, they have the right to a jury trial."

2. Goodman gave notice also of an appeal from the interlocutory order of July 10, 1963, which notice was patently untimely under 28 U.S.C.A. § 2107.

Growers Ass'n of Cal. v. Rederiaktiebolaget Frode, 171 F.2d 662 (9 Cir. 1948); Benevento v. United States, 160 F.2d 487 (2 Cir. 1947); Barbarino v. Stanhope S. S. Co., 151 F.2d 553 (2 Cir. 1945). Other courts have interpreted the phrase, "determining the rights and liabilities of the parties," to mean a decision of the merits of the controversy between the parties. Allen N. Spooner & Son, Inc. v. Connecticut Fire Ins. Co., 297 F.2d 609 (2 Cir. 1962); Eagle of Gloucester, Inc. v. Consolidated Fisheries, Inc., 268 F.2d 555 (1 Cir. 1959); St. Louis Shipbuilding & Steel Co. v. Petroleum Barge Co., 249 F.2d 905 (8 Cir. 1957); Rogers v. Alaska S. S. Co., 249 F.2d 646 (9 Cir. 1957); In re Wills Lines, 227 F.2d 509 (2 Cir. 1955); Emerick v. Lambert, 187 F.2d 786 (6 Cir. 1951). The decisions in Medomsley Steam Shipping Co. v. Elizabeth River Terminals, Inc., 317 F.2d 741 (4 Cir. 1963), and South Carolina State Highway Dept. v. The Fort Fetterman, 236 F.2d 221 (4 Cir. 1956), indicate this court's acceptance of such interpretation. The position of the Third Circuit appears to us to be in accord. In re Bave's Petition, 314 F.2d 335 (3 Cir. 1963); Cummings v. Redeeriaktieb Transatlantic, 242 F.2d 275 (3 Cir. 1957); United States v. The Lake George, 224 F.2d 117 (3 Cir. 1955). Some decisions appear to turn on the view that Section 1292(a) (3) was intended to cover only the situation in admiralty cases where the liability issue has been finally determined, leaving open only the question of damages. Allen N. Spooner & Son, Inc. v. Connecticut Fire Ins. Co., supra; St. Louis Shipbuilding & Steel Co. v. Petroleum Barge Co., supra; Stark v. Texas Co., 88 F.2d 182 (5 Cir. 1937); The Maria, 67 F.2d 571 (2 Cir. 1933); H. Lissner & Co., Inc. v. Oceanic Steam Nav. Co., 30 F.2d 290 (2 Cir. 1929).

▮ In the context of these cited cases decided under 28 U.S.C.A. § 1292(a) (3), it is our opinion that the order dismissing the cross-libels for lack of admiralty jurisdiction is not within the class of interlocutory orders appealable. The decision did not go to the merits of Goodman's claims. The order simply operated to prevent Goodman from obtaining affirmative relief against his adversaries over and above the amount of their claims in the present suit and closed the door of the admiralty court to him, but this and other matters may be presented, if need be, on appeal from the final judgment. The District Court offered the observation that Goodman could assert his claims either by way of set-offs in this litigation or in an independent action. A secondary effect of the order dismissing the cross-libels was to deny Goodman's right to demand security from the appellees under General Admiralty Rule 50; however, this was not an absolute right but one resting in the sound discretion of the trial court. Spriggs v. Hoffstot, 240 F. 2d 76 (4 Cir. 1957). In any event, a situation is not created where Goodman will suffer irreparable harm as a consequence of the dismissal of his cross-libels.[3] As stated in Bowker v. United States, 186 U.S. 135 at page 139, 22 S.Ct. 802, at page 804, 46 L.Ed. 1090 (1902):

> " * * * That this course might result in delay, and perhaps sometimes in hardship, if it should turn out that jurisdiction could be exercised on the cross libel, is not a sufficient reason for entertaining an appeal, if the decree did not so dispose of the case as to enable this court to take jurisdiction."

This is merely the result of the rule of finality to which the courts adhere. United States v. The Lake George, 224 F.2d 117, 119 (3 Cir. 1955).

This appeal is not from a final decree and we conclude that it does not fall within the limited class of interlocutory orders made appealable by statute.

Appeal dismissed.

---

3. In Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, at page 545, 69 S. Ct. 1221, at page 1225, 93 L.Ed. 1528 (1949), the Court stated:

" * * * Section 1292 allows appeals also from certain interlocutory orders, decrees and judgments, not material to this case except as they indicate the purpose to allow appeals from orders other than final judgments when they have a final and irreparable effect on the rights of the parties. * * *."