101 F.3d 706
 1997 A.M.C. 608
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
MARYLAND NATIONAL BANK, Plaintiff-Appellee,
Matthew O. Jones, Claimant-Appellant,
v.
The VESSEL MADAM CHAPEL, etc., Defendant.
 No. 95-55964.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 8, 1996.*
Decided Nov. 14, 1996.
 
 1
 Before: FERNANDEZ and HAWKINS, Circuit Judges, and SCHWARZER,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 This is an appeal from the district court's order granting summary judgment for plaintiff. It is the second time this case has come to this court. The earlier opinion lays out the facts. See Maryland Nat. Bank v. Vessel Madam Chapel, 46 F.3d 895, 897-98 (9th Cir.1995). They are, in substance, as follows: Chapel bought the vessel MADAM CHAPEL with funds borrowed from Key Financial Services secured by a preferred ship's mortgage on the vessel. He was obligated to obtain a state certificate of title, deliver it to Key, and have Key's security interest noted on it. He did obtain such a certificate from the State of New York, but Key's interest was not noted on it.
 
 
 4
 Chapel also obtained Coast Guard documentation for the vessel, turning over the Builder's Certificate as proof of title. The Coast Guard issued an Official Number and a Certificate of Documentation for the vessel. Chapel made an affidavit that the official number had been affixed to the vessel but, in fact, it had not. Key's mortgage was later recorded with the Coast Guard.
 
 
 5
 Chapel then sold the vessel to Santiago, conveying title by endorsing the New York State certificate of title, on which Key's interest had not been noted. Coincidentally, Key assigned its mortgage to the Maryland National Bank, but neither had knowledge of the transfer to Santiago.
 
 
 6
 Chapel and Santiago then redocumented the vessel with the Coast Guard and obtained a new Official Number without disclosing the existence of the previously-issued number. Their application for documentation relied on the New York State Certificate and represented that the Builder's Certificate, on which Coast Guard documentation would ordinarily be issued, was lost. While the redocumentation was going on, Jones bought the vessel from Santiago, without knowledge of the original Official Number or of the Bank's mortgage.
 
 
 7
 When Chapel defaulted on his loan, the Bank filed the instant in rem action against the vessel. Meanwhile, Jones sold the vessel to the Sparkmans, taking back a preferred ship's mortgage. This mortgage was then recorded under the second Official Number.
 
 
 8
 Both the Bank and Jones claimed preferred mortgage interests and the Sparkmans claim an ownership interest. When the case first came before the district court, it held that, although the Bank's mortgage had priority, it was equitably subordinated because Key had failed to comply with standard good lending practices that would have avoided the problem of a state chain of title separate from the vessel's federal registration. This court reversed, holding that the Bank's mortgage was improperly subordinated to Jones's claim. Maryland Nat. Bank, 46 F.3d at 899.
 
 
 9
 On remand, the district court, over Jones' objections, granted summary judgment to the Bank against the vessel, directing disbursement to the Bank of the proceeds from the vessel's sale held in the court's registry.
 
 
 10
 On this appeal, Jones argues that the prior judgment of the district court from which the appeal was taken was not a final judgment. He contends that the appeal was interlocutory only and that a genuine issue of material fact remains after remand on the basis of evidence of deliberate falsification of the Certificate of Marking certifying to the Coast Guard that the vessel had been marked with its (first) Official Number. This falsification, he argues, caused the mortgage to be hidden from an innocent purchaser. It enabled the mortgagor Chapel, possessing an unmarked vessel and a clean certificate of title (because Key had failed to endorse its mortgage on it), to sell the vessel without notice to the purchaser of the prior lien.
 
 
 11
 Jones is mistaken on several counts. First, the district court in fact granted judgment in favor of Jones, thereby adjudicating the rights of the parties. See Maryland Nat. Bank v. The Vessel Madam Chapel, 821 F.Supp. 1361, 1368 (S.D.Cal.1993). Moreover, the appeal was taken under the provisions of 28 U.S.C. § 1292(a)(3), permitting an appeal from "interlocutory decrees of [the district court] determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed." As the court explained in United States v. The Lake George, 224 F.2d 117 (3rd Cir.1955), section 1292(a)(3), on the books since 1926, usually operates
 
 
 12
 when there is a determination of liability as distinguished from amount, it being part of the admiralty tradition to refer the question of damages to a commissioner.... The allowance of appeals under the statute appears ... to attend upon the final determination of rights and liabilities, or at least upon the determination of substantial rights of the parties....
 
 
 13
 Lake George, 224 F.2d at 118-19 (citations omitted). Thus, that the appeal was denominated an interlocutory appeal does not signify that it was not from a final determination of the rights and liabilities of the parties, and indeed, it was so treated by this court when it reversed the judgment below and determined that the district court should have ordered that the bank's interest has priority. Maryland Nat. Bank, 46 F.3d at 902.
 
 
 14
 Second, this court, in arriving at that holding, specifically rejected the claim of equitable subordination Jones sought to pursue on remand in the district court. Under the law of the case doctrine, "a court is generally precluded from reconsidering an issue previously ... decided explicitly or by necessary implication in [the] previous disposition." Milgard Tempering, Inc. v. Selas Corp. of America, 902 F.2d 703, 714 (9th Cir.1990) (internal quotation omitted). The district court properly considered this court's opinion as a final determination of the parties' rights. Jones' present argument of inequitable conduct was necessarily decided when this court rejected the equitable subordination claim. Indeed, the specific issue now advanced regarding the falsification of the Certificate of Marking was raised in Jones' earlier motion for summary judgment and was before this court when it rejected Jones' argument that it should "hold Chapel's falsification of the Certificate [of Marking] against the bank." Maryland Nat. Bank, 46 F.3d at 900.
 
 
 15
 Finding no error in the district court's judgment, we AFFIRM.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3