**BLUE WATER YACHT CLUB ASSOCIATION, Defendant–Cross–Claimant–Cross–Defendant–Appellant,**

**Carl Scogmanillo, Defendant-Cross-Claimant-Cross-Defendant-Third-Party-Plaintiff-Appellee,**

**Gary's Marine Service, Cross–Claimant–Third–Party–Defendant,**

v.

**NEW HAMPSHIRE INSURANCE CO., as subrogee of Peter Gold, Judith Gold and Seth Goldstein, Plaintiff–Appellee.**

Docket No. 03–7269.

United States Court of Appeals, Second Circuit.

Argued: Jan. 15, 2004.

Decided: Jan. 15, 2004.

Debra Urbano, Speyer & Perlberg, Melville, NY, for Defendant–Cross–Claimant–Cross–Defendant–Appellant Blue Water Yacht Club Association.

James F. Sweeney, Nicoletti Hornig Campise Sweeney & Paige, New York, NY, for Plaintiff–Appellee New Hampshire Insurance Company.

Christopher P. McCarthy, McCarthy & McCarthy, Massapequa, NY, for Defendant–Cross–Claimant–Cross–Defendant–Third-Party-Plaintiff-Appellee Carl Scogmanillo.

Before: OAKES and CABRANES, Circuit Judges, and AMON, District Judge.\*

PER CURIAM.

Defendant-appellant Blue Water Yacht Club ("the Yacht Club") appeals from a February 28, 2003 order of the United States District Court for the Eastern District of New York (Leonard D. Wexler, *Judge* ). The order denied the Yacht Club's motion to dismiss the Second Amended Complaint of plaintiff-appellee New Hampshire Insurance Company, which sought, *inter alia,* to impose liability on the Yacht Club for damages sustained to several boats at its facility as the result of a fire that originated on a boat at its facility. The Yacht Club's affidavits in support of its motion to dismiss in the District Court averred, among other things, that an exculpatory provision in its licensing agreement relieved it of liability to the owners of the damaged boats, even if the damages were sustained as a result of the Yacht Club's own negligence. Appellant's Brief at 9 (citing Affidavit of Debra Ann Urbano, Appendix 20–23). The District Court denied the motion in its entirety, and the Yacht Club timely filed a Notice of Appeal to this Court under 28 U.S.C. § 1292(a)(3), which provides for federal appellate jurisdiction over "[i]nterlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed." 28 U.S.C. § 1292(a)(3).

Prior to oral argument, plaintiff-appellee New Hampshire Insurance Co., subrogee of several of the boat owners, and third-party plaintiff and appellee Carl Scogmanillo, owner of the boat on which the fire

originated, filed a motion to dismiss the appeal for lack of appellate jurisdiction under § 1292(a)(3). According to appellees, an order denying a motion to dismiss, such as that before us, is not a "decree ... determining the rights and liabilities of the parties" within the meaning of that provision.

We agree with appellees that we lack jurisdiction to hear the instant appeal. In *Thypin Steel Co. v. Asoma Corp.*, 215 F.3d 273 (2d Cir.2000), we concluded that the jurisdictional grant in § 1292(a)(3) "should be construed narrowly," as an "exception to the general rule of finality stated in § 1291," *id.* at 279, that is carved out in admiralty to accommodate the "once common practice ... of referring the determination of damages to a master or commissioner after resolving the question of liability," *Roco Carriers, Ltd. v. M/V NURNBERG EXPRESS*, 899 F.2d 1292, 1297 (2d Cir.1990), *quoted in Thypin Steel*, 215 F.3d at 279. Accordingly, we have construed § 1292(a)(3) to mean "that we have jurisdiction ... when the court below, as is customary in admiralty, has entered an interlocutory decree deciding the merits of the controversy between the parties, but has left unsettled the question of damages or other details ...." *Allen N. Spooner & Son, Inc. v. Connecticut Fire Ins. Co.*, 297 F.2d 609, 610 (2d Cir.1962), *quoted in Thypin Steel*, 215 F.3d at 280.

Here, where the District Court's order merely denied appellant's motion to dismiss, holding the liability question open for adjudication, we are far from a situation in which "the merits of the controversy" have been decided. Accordingly, § 1292(a)(3) does not provide us with appellate jurisdiction. *See Thypin Steel*, 215 F.3d at 280–82 (holding that dismissal of all claims against one defendant for lack of personal jurisdiction and all *in personam* claims against

another defendant was not a sufficient basis for appellate jurisdiction under § 1292(a)(3), because neither dismissal settled the underlying issue of allocating liability between the parties); *Bergeron v. Koninklijke Luchtvaart Maatschappij, N.V.*, 299 F.2d 78, 79 (2d Cir.1962) (holding that § 1292(a)(3) did not provide for appeal from an order dismissing six of nine causes of action, because the "basic issue of negligence" had not been settled).

We hold that appellees' motion to dismiss the appeal for lack of appellate jurisdiction must be GRANTED, and we REMAND the cause to the District Court for further proceedings.