United States Court of Appeals
Fifth Circuit

**F I L E D**

November 30, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

No. 06-41228

(Summary Calendar)

_____

PERFORACIONES EXPLORACIO 'N Y PRODUCCIO 'N, also known as Protexa; CERTAIN REINSURING UNDERWRITERS, Subscribing to Reinsurance Contract No AHE-030044 As Amended to No AHE-04004,

Plaintiffs-Appellees,

versus

GRUPO TMM SA; MARITIMAS MEXICANAS SA DE CV, also known as MarMex,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:05-CV-00419

_____

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

This case arises out of the March 2004 allision of the M/V ISLA AZTECA, a Mexican flagged supply vessel, with the TOTANCA, a Mexican flagged mobile offshore drilling unit located in the Bay of Campeche, Mexico. The AZTECA was owned and operated by Maritimas Mexicanas

_____

[*]        Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

S.A. de C.V. ("MarMex"), a Mexican shipping company partially owned by Grupo TMM, S.A. ("TMM") (collectively, "Appellants"). The TOTANCA was owned by Perforaciones Maritimas Mexicanas, S.A. de C.V. ("PMM"). As a result of the allision, MarMex filed a limitation of liability action in Mexico, and a limitation fund was established in October 2004.

In July 2005, Perforaciones Exploracion y Produccion ("Protexa") and certain reinsuring Underwriters subscribing to Reinsurance Policy No. AHE-030044 as Amended to Policy No. AHE-04004 (the "Underwriters") (collectively, "Appellees") filed this suit in the United States District Court for the Southern District of Texas in Galveston for damages sustained by the TOTANCA during the allision.[1] Appellants filed a motion to dismiss the suit on three grounds: lack of subject matter jurisdiction, international comity, and *forum non conveniens*.[2] On July 21, 2006, the district court issued an order denying Appellants' motion to dismiss, ruling that the suit fell within the court's admiralty jurisdiction, that the principles of international comity did not warrant dismissal, and that dismissal based on *forum non conveniens* was also unwarranted.

Appellants filed a notice of appeal pursuant to 28 U.S.C. § 1292(a)(3), which provides for federal appellate jurisdiction over interlocutory decrees "determining the rights and liabilities of the parties to admiralty cases." 28 U.S.C. § 1292(a)(3). Appellees move to dismiss the appeal, arguing that the district court's denial of Appellants' motion to dismiss is not an appealable interlocutory order because it is not a "decree . . . determining the rights and liabilities of the parties" within the meaning of § 1292(a)(3). Appellants disagree. According to Appellants, the district court's order

---

[1] PMM was later substituted for Protexa as the real party in interest.

[2] Appellants subsequently filed a notice and motion to apply Mexican law pursuant to Federal Rule of Procedure 44.1. This motion remains pending in the district court.

2

determines their rights because it "denies [their] substantive right to limit their liability and further denies [their] substantive right to have claims arising out of the allision at issue heard and determined in Mexico under Mexican law." Appellants assert that the order "ignores the Mexican limitation action" and effectively increases the Mexican limitation fund by subjecting Appellants to potential liability in the United States. Therefore, Appellants argue, the order ignores and/or extinguishes their substantive right to limit their liability under Mexican law.

"To be appealable under section 1292(a)(3), the decree must determine the substantive rights and liabilities of the parties to the case." *Francis ex rel. Francis v. Forest Oil Corp.*, 798 F.2d 147, 149 (5th Cir. 1986). Courts construe this jurisdictional grant narrowly. *Treasure Salvors, Inc. v. Unidentified Wrecked & Abandoned Sailing Vessel*, 640 F.2d 560, 564 (5th Cir. 1981); *accord Blue Water Yacht Club Ass'n v. New Hampshire Ins. Co.*, 355 F.3d 139, 141 (2d Cir. 2004). Even if an order has important procedural consequences, it is not appealable under § 1292(a)(3) if it does not determine the parties' substantive rights and liabilities. *In re Ingram Towing Co.*, 59 F.3d 513, 517 (5th Cir. 1995).

The district court's denial of Appellants' motion to dismiss did not determine Appellants' substantive rights or liabilities. The district court did not decide whether Appellants were entitled to limit their liability under Mexican law, nor would such a determination be appealable under § 1292(a)(3), given that the underlying issue of liability has yet to be determined. *See Bucher-Guyer AG v. M/V Incotrans Spirit*, 868 F.2d 734, 735 (5th Cir. 1989) (holding that "[t]he decision whether the $500 COGSA limitation on damages applies in this case is not a decision determining the rights and liabilities of the parties"). What the district court decided was that the suit fell within the court's admiralty jurisdiction and that the suit could be heard in Galveston, Texas. Such decisions do not

3

determine the rights or liabilities of the parties for purposes of § 1292(a)(3). *See Austracan (U.S.A.), Inc. v. M/V Lemoncore*, 500 F.2d 237, 240 (5th Cir. 1974) ("Denial of a motion to dismiss for lack of admiralty jurisdiction does not decide the parties' rights so as to be within the statute . . . authorizing interlocutory appeals in admiralty from orders that determined rights and liabilities of parties.") (citing *Jack Nielson, Inc. v. Tug Peggy*, 428 F.2d 54, 55 (5th Cir. 1970) (holding that "[t]he district court's denial of the motion to dismiss for lack of jurisdiction did not decide the parties' rights and liabilities within the meaning of the statute" because "[i]t did not go to the merits of the claim")). Accordingly, this Court does not have jurisdiction to hear this interlocutory appeal under § 1292(a)(3).

Appellees' motion to dismiss the appeal is GRANTED, and the case is REMANDED to the district court for further proceedings.