# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 4, 2024

Lyle W. Cayce
Clerk

No. 23-40475

—————————

Thomas Hadel,

*Plaintiff—Appellee*,

*versus*

Olivia Morris; David Morris,

*Defendants—Appellants*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:23-CV-115

_____

Before Jones, Dennis, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Defendants Olivia and David Morris appeal from the district court's denial of their motion to dismiss. Plaintiff Thomas Hadel seeks damages for the loss of value his yacht sustained when it collided with the Morrises' yacht. Defendants claim the doctrine of *restitutio in integrum* bars recovery of the

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

damages Hadel seeks.[1]  Because we lack jurisdiction to hear this appeal, we DISMISS.

Hadel sued Defendants in Texas state court, alleging Defendants' negligence caused their yacht to collide with Hadel's yacht.[2]  After removing the case to federal court, Defendants moved to dismiss Hadel's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Defendants argued dismissal was proper because diminution-in-value damages are not recoverable under the doctrine of *restitutio in integrum*.  The district court denied Defendants' motion without explanation.  Defendants appealed.

"Ordinarily, this court does not have jurisdiction over the denial of a Rule 12(b)(6) motion to dismiss for no cause of action, because such an order is interlocutory in nature." *Morin v. Caire*, 77 F.3d 116, 119 (5th Cir. 1996).  Nevertheless, the parties contend we have jurisdiction to hear this appeal under 28 U.S.C. § 1292(a)(3).[3]  The parties argue that, in denying

---

[1] This doctrine "is the leading maxim applied by admiralty courts to ascertain damages resulting from a collision." *City of Milwaukee v. Cement Div., Nat. Gypsum Co.*, 515 U.S. 189, 196, 115 S. Ct. 2091, 2096 (1995) (citation and quotations omitted). "[S]trictly construed," it "limit[s] damages to the difference in the value of the vessel before and after the collision." *Nerco Oil & Gas, Inc. v. Otto Candies, Inc.*, 74 F.3d 667, 669 (5th Cir. 1996).

[2] Prior to bringing this lawsuit, Hadel's insurer brought a subrogation action in Texas state court for the amount it paid to repair Hadel's yacht.  But that action did not include a claim for diminution-in-value damages.  Hadel's insurer and Defendants eventually settled the subrogation suit.

[3] Section 1292(a)(3) "may be used only if the federal court's admiralty jurisdiction has been invoked . . . ." *See Alleman v. Bunge Corp.*, 756 F.2d 344, 346 (5th Cir. 1984).  In removing the case to federal court, Defendants invoked the district court's diversity jurisdiction, but they also indicated that "alternatively, Plaintiff requests a declaratory judgment on a Marine Insurance Policy that is governed by United States federal admiralty law and maritime law and concerns a boating collision that occurred on navigable waters." We need not decide whether the district court's admiralty jurisdiction has been invoked

Defendants' motion to dismiss, the district court, in effect, held Defendants *could be* liable for diminution-in-value damages.

Under § 1292(a)(3), this court has jurisdiction to hear appeals from "[i]nterlocutory decrees . . . determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed." § 1292(a)(3). Construed "narrowly," § 1292(a)(3) "permit[s] appeals from orders finally determining one party's liability to another and referring the action for a computation of damages." *SCF Waxler Marine, L.L.C. v. ARIS T M/V*, 902 F.3d 461, 464 (5th Cir. 2018), *as revised* (Oct. 30, 2018); *see also Petroleos Mexicanos Refinacion v. M/T King A (Ex-Tbilisi)*, 377 F.3d 329, 337 (3d Cir. 2004) ("A prototypical application of § 1292(a)(3) is the appeal of a ruling on liability prior to a trial on damages.").

In denying Defendants' motion to dismiss, the district court did not determine Defendants' liability. At most, the district court's order affects the sum of damages Defendants *might* owe *if* they are later found liable. But the district court's order was unreasoned and therefore opaque as to its meaning; without more, we cannot infer that the court ruled that there is a *valid* legal basis for plaintiffs' claims. Even if that was the intent, merely denying a motion to dismiss does not prevent the district court from changing its mind. In sum, we lack jurisdiction to review this order. *See, e.g.*, *Bucher-Guyer AG v. M/V Incotrans Spirit*, 868 F.2d 734, 735 (5th Cir. 1989) (per curiam) ("[W]e do not have jurisdiction under [§] 1292(a)(3). The decision whether the $500 . . . limitation on damages applies in this case is not a decision determining the rights and liabilities of the parties. In fact, if we were to hold that the $500 limit applies, we would still have to remand this

---

because a separate basis for subject matter jurisdiction exists (i.e., diversity jurisdiction) and we conclude § 1292(a)(3) is unavailable for other reasons.

case for a decision on whether the defendants were liable."); *Hollywood Marine, Inc. v. M/V Artie James*, 755 F.2d 414, 416 (5th Cir. 1985) (dismissing appeal where "the district court's order refusing to dismiss the insurer [did] not conclusively determine its 'rights and liabilities' as to the claim asserted," and "[t]he liability of its insured and consequently its own liability remain to be litigated"); *see also Perforaciones Exploracion y Produccion v. Grupo TMM SA*, 207 F. App'x 458, 460 (5th Cir. 2006) (dismissing appeal where "[t]he district court's denial of Appellants' motion to dismiss did not determine Appellants' substantive rights or liabilities").

Accordingly, the appeal is DISMISSED.