297 F.2d 609
 ALLEN N. SPOONER & SON, INC., Libelant,
v.
The CONNECTICUT FIRE INSURANCE COMPANY, Respondent-Appellant, and
Red Star Towing & Transportation Company, Respondent-Impleaded-Appellee.
 No. 134.
 Docket 27097.
 United States Court of Appeals Second Circuit.
 Argued December 8, 1961.
 Decided January 3, 1962.
 
 Bigham, Englar, Jones & Houston, New York City (Sheldon A. Vogel, New York City, of counsel), for appellant.
 Foley & Martin, New York City (John H. Hanrahan, Jr., New York City, of counsel), for appellee.
 Before WATERMAN, SMITH and MARSHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Libelant asserts a claim against respondent Insurance Company under a policy of marine insurance. Libelant's vessel, a crane barge known as Pulling Machine No. 12, was engaged in salvage operations in the East River, together with several other craft, including a tugboat, the property of appellee Red Star. For some cause one of the guy wires supporting the lifting crane of Pulling Machine No. 12 parted during the operations and the crane was lost over the side of the barge. Libelant alleges that this caused severe damage to the hull of the barge which thereby became a constructive total loss. Libelant further alleges that the appellant Insurance Company declined the claim, whereupon it filed its libel setting forth libelant's claim as a "cause of contract and insurance, civil and maritime."
 
 
 2
 In its answer appellant sets forth as an affirmative defense that the policy upon which libelant asserts its claim specifically excluded as insured perils losses of the kind alleged to have been suffered here "unless caused solely by sinking, stranding, collision with another vessel, or burning." Subsequently, and before hearing, appellant Insurance Company obtained leave to implead Red Star pursuant to Rule 56[1] of the Admiralty Rules, 28 U.S.C. The impleading petition that accompanied the motion sets forth the claim that libelant's alleged loss was caused by the fault and negligence of appellee in that the tug owned by it employed in the salvage operation was negligently navigated.
 
 
 3
 This motion was not objected to by the libelant. Red Star did not oppose and filed an appearance. However, one year later Red Star moved to dismiss the impleading petition and from the interlocutory order granting this motion the respondent Insurance Company appeals.
 
 
 4
 Neither the merits of libelant's claim against the Insurance Company, nor of appellant's defenses to that claim have been adjudicated. And, of course, the merits of the impleading petition were not adjudicated by the ruling below.
 
 
 5
 It is clear that the purported appeal is from a non-appealable order, and we have no jurisdiction to entertain it. 28 U.S.C. § 1292(a) (3) grants a court of appeals jurisdiction to entertain appeals from "interlocutory decrees * * determining the rights and liabilities of the parties to admiralty cases * * *." This language means that we have jurisdiction over such an appeal when the court below, as is customary in admiralty, has entered an interlocutory decree deciding the merits of the controversy between the parties, but has left unsettled the assessment of damages or other details required to be determined prior to entry of a final decree. In re Wills Lines, Inc., 227 F.2d 509 (2 Cir.1955), cert. denied sub nom. Tankport Terminals, Inc., v. Wills Lines, Inc., 351 U.S. 917, 76 S.Ct. 709, 100 L.Ed. 1450, and cases there cited at 510; St. Louis Shipbuilding & Steel Co. v. Petroleum Barge Company, 249 F.2d 905 (8 Cir.1957).
 
 
 6
 In the event Connecticut Fire Insurance Company is held liable to libelant on its policy, it will be able then to present on appeal the issue it now attempts prematurely to raise.
 
 
 7
 Appeal dismissed.
 
 
 
 Notes:
 
 
 [1]
 Admiralty Rule 56 reads in part as follows:
 "In any suit * * * the claimant or respondent (as the case may be) shall be entitled to bring in any other vessel or person * * * who may be partly or wholly liable either to the libellant or to such claimant or respondent by way of remedy over, contribution or otherwise, growing out of the same matter. * * * Such petition shall contain suitable allegations showing such liability, and the particulars thereof, and that such other vessel, or person ought to be proceeded against in the same suit for such damage, * * *."