In the Matter of the Complaint of **NORTHERN TRANSATLANTIC CARRIERS CORPORATION et al., Appellants.**

**No. 7399.**

United States Court of Appeals,
First Circuit.
March 17, 1970.

Eugene Underwood, New York City, with whom Antonio M. Bird, San Juan, P. R., Frank L. Wiswall, Jr., Castine, Me., and Burlingham, Underwood, Wright, White & Lord, New York City, were on the brief, for appellants.

Nicolas Jimenez, San Juan, P. R., with whom Santiago Soler Favale, Atty. Gen., Gilberto Gierbolini, Sol. Gen., Arturo Aponte Pares, Atty., Dept. of Justice, Jose Antonio Fuste and Jimenez & Fuste, San Juan, P. R., were on brief, for Commonwealth of Puerto Rico, appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

On March 3, 1968 the S.S. OCEAN EAGLE, before being boarded by a pilot, got into difficulties off the mouth of San Juan Harbor, Puerto Rico, broke up and later was sunk. She was loaded with crude oil, and the consequent discharge did enormous damage to the property of many persons, including the Commonwealth of Puerto Rico. On March 27, 1968 the Commonwealth filed in the United States District Court for the District of Puerto Rico a libel in rem against the vessel and in personam against the owners and underwriters to recover for damage to its property, and for cleaning and other expenses to which it was put. Other persons filed similar libels. On April 29, the plaintiffs-owners filed the present petition to limit their liability. 46 U.S.C. § 183 *et seq.* The usual monition and injunction against other actions issued. On June 18, within time, the Commonwealth filed its claim and answer.

On July 18, 1968 plaintiffs filed a single document entitled "Counterclaim and Set-Off against the Commonwealth of Puerto Rico." It alleged that the loss of the OCEAN EAGLE was due to various faults of the Commonwealth with respect to providing pilotage, and that the damages caused by plaintiffs' oil were aggravated by chemicals employed by the Commonwealth. It prayed for dismissal of the Commonwealth's claim, and for an affirmative judgment. The Commonwealth promptly moved for a dismissal of this pleading on the ground that it had not consented to be sued nor waived its immunity, and for the further reason that plaintiffs had not given the 90-day notice required by 32 L.P.R.A. § 3077a for suits against it. The district court, in a memorandum opinion, adopted both grounds, and ordered the counterclaim and set-off dismissed in its entirety. Plaintiffs appeal.

■ Although no one mentioned the subject until we did, we must consider our jurisdiction. Unfortunately, there was no attempt to comply with the provisions of F.R.Civ.P. 54(b). All civil rules, except where impertinent, now apply in admiralty. It has been held that

this includes Rule 54(b). Caradelis v. Refineria Panama, S. A., 5 Cir., 1967, 384 F.2d 589. However, the rules do not repeal statutes, and plaintiffs are still entitled to the special provision permitting appeals from interlocutory decrees "determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed." 28 U.S.C. § 1292(a) (3). Cf. 2A Moore, Federal Practice, ¶ 9.09, p. 1988. Having in mind the universal policy against piecemeal appeals, we believe this statute should be somewhat narrowly construed. The phrase "the parties" might well suggest the inclusive "all parties," the complementary concept of Civil Rule 54(b) where permission is needed if less than all parties are concerned. The Second Circuit, without discussion, early took the opposite view in a case involving impleader. Barbarino v. Stanhope S.S. Co., 2 Cir., 1945, 151 F.2d 553. We need not examine whether it has fully adhered to this principle,[1] much less resolve the issue, as we have concluded to make no decision on the merits. Such relief as we do order is pursuant to the All Writs Act. 28 U.S.C. § 1651. 6 Moore, Federal Practice ¶ 54.10[4]. We make this rather liberal use of that act since the case was brought before us with at least arguable justification and has been fully argued, and the decision we are about to make is in the interest of expedition.

■ On the merits this is, or may be, a complicated case with very sophisticated questions. Plaintiffs' position that, under United States v. The Thekla, 1924, 266 U.S. 328, 45 S.Ct. 112, 69 L.Ed. 313, the Commonwealth waived in all respects its governmental immunity by bringing suit,[2] is over-simplistic. A sinking, with consequent damage to shore property, is not precisely comparable to a collision between two vessels. On the other hand, we are not unimpressed by a possible equivalency, in the light of such cases as Allied Chemical & Dye Corp. v. Tug Christine Moran, 2 Cir., 1962, 303 F.2d 197, assuming the Commonwealth breached a duty towards the ship, cf. Indian Towing Co. v. United States, 1955, 350 U.S. 61, 69, 76 S.Ct. 122, 100 L.Ed. 48, and assuming, further, that such breach is found to be an operative cause of the loss. Cf. The Perseverance, 2 Cir., 1933, 63 F.2d 788, cert. denied Cornell Steamboat Co. v. Lavender, 289 U.S. 744, 53 S.Ct. 692, 77 L.Ed. 1490; The William A. Paine, 6 Cir., 1930, 39 F.2d 586; see Cenac Towing Co. v. Richmond, 5 Cir., 1959, 265 F.2d 466, 471.

Were we to find applicable a single-subject-matter rule of waiver, however, it might relate to the loss of the ship and resultant damage but not embrace the separate element of aggravation of damages by the Commonwealth's subsequent improper cleansing activities. Nor is this all. It is not apparent either from the memorandum decision of the district court, nor from the arguments of the parties, whether the striking of plaintiffs' pleading was considered a ruling that any matter therein asserted could not, in whole or in part, be established defensively in recoupment, as distinguished from providing a basis for a net, affirmative, recovery. Cf. United States v. United States Fidelity & Guaranty Co., 1940, 309 U.S. 506, 511, 60 S.Ct. 653, 84 L.Ed. 984.

■ We are not prepared to embark on this possibly extensive voyage with so little by way of charts or sailing orders. At the same time, we are unwilling to foreclose it, if we are given a full record. The order dismissing the counterclaim

---

1. Cf. Allen N. Spooner & Son, Inc. v. Connecticut Fire Ins. Co., 2 Cir., 1962, 297 F.2d 609. For a general collection of cases under this section, see Miskiewicz v. Goodman, 4 Cir., 1965, 341 F.2d 828.

2. We do finally rule on one matter. Whatever anticipatory waiver arose as a result of the Commonwealth's original libel attached equally to its claim filed in the limitation proceedings. Nothing but its decision to litigate compelled it to file this claim. The Commonwealth's attempt to demonstrate that this filing was "involuntary" is specious.

**142**

and set-off is accordingly revoked, without prejudice.

We will also not pass finally upon the applicability of the 90-day notice provision of 32 L.P.R.A. § 3077a. This is not an immunity matter in true jurisdictional substance. Insurance Co. of Puerto Rico v. Ruiz Morales, 1968, 96 D.P.R. 175. The Commonwealth's attempt to distinguish this case on the ground that only a municipality was there involved is of dubious merit. However, the scope of any waiver is another matter.

Order vacated. No costs presently.