Max SLATTON, Jr., Plaintiff-Appellant,

v.

MARTIN K. EBY CONSTRUCTION CO., INC., d/b/a Eby and Associates of Arkansas, Defendant-Appellee.

No. 73–1885.

United States Court of Appeals, Eighth Circuit.

Feb. 5, 1974.

---

**708**

Henry Woods and Phillip H. McMath, Little Rock, Ark., on brief, for appellant.

James W. Moore, Little Rock, Ark., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

This civil admiralty appeal is before us on the motion of the appellee, seeking summary dismissal pursuant to Rule 9(b) of the Rules of this Court. The motion is hereby granted and the appeal is dismissed.

Slatton brought this action under the Jones Act, 46 U.S.C. § 688, claiming that he was a member of the crew of a barge, that he was injured while working on the barge, and that his injury was proximately caused by the negligence of the defendant Martin K. Eby Construction Co., Inc. Slatton also alleged that the barge was unseaworthy in that it was not properly equipped or staffed.

The case was tried to a jury and the jury returned an $85,000 verdict for Slatton. Judgment was entered on the verdict, after deductions for Workmen's Compensation benefits were made. The defendant then made the appropriate post trial motions, including a motion for new trial or remittitur. The trial court, concluding that the verdict was grossly excessive, ordered that:

if the plaintiff within the next 20 days enters a remittitur in the amount of $33,267.04 defendant's alternative motion for a full or partial new trial will be denied. If the remittitur is not entered within that period of time, the Court's judgment will be set aside and a new trial ordered on the issue of damages only.

Thereafter, Slatton failed to enter the remittitur and appealed.

■ The issue before us is whether an order granting a new trial solely on the issues of the amount of damages is appealable in an admiralty case. We hold that it is not.

Were this not an admiralty case, the issue would be easily resolved as orders granting new trial are not appealable, but must be reviewed upon entry of final judgment. *See, e.g.*, General Motors Corp. v. Lord, 488 F.2d 1096 (8th Cir. 1973). However, Congress has provided, in 28 U.S.C. § 1292(a)(3), that:

(a) The courts of appeal shall have jurisdiction of appeals from:

.    .    .    .    .

(3) interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed;

.    .    .    .    .    .

■ Both parties agree that the primary purpose of § 1292(a)(3) was to provide an immediate appeal in those situations where liability had been determined, but reference to a commissioner for the determination of damages was made. Thus § 1292(a)(3) was primarily enacted to avoid the delay and expense engendered by taking further evidence on the question of damages, when such an undertaking might be unnecessary if the decree as to *liability* should be reversed. St. Louis Shipbuilding & Steel Co. v. Petroleum Barge Co., Inc., 249 F.2d 905, 907 (8th Cir. 1957). *See also* Upper Mississippi Towing Corp. v. West, 338 F.2d 823, 825 (8th Cir. 1964); 9 J. Moore, Moore's Federal Practice ¶

110.19[3], 209–210 (1970). Plainly then this case does not present the normal situation in which Congress expected § 1292(a)(3) to apply, and we have recognized that "Section 1292 as a whole indicates that Congress intended appeals from interlocutory orders to be strictly limited to the unusual situations wherein such appeals are expressly authorized." St. Louis Shipbuilding & Steel Co. v. Petroleum Barge Co., Inc., *supra*, 249 F.2d at 907.

Other courts have held that § 1292(a)(3) may apply in situations other than where the district court determined liability and ordered reference of the damage issue. As Professor Moore has said, "In general, . . . whenever an order dismisses a claim for relief on the *merits* it is appealable under § 1292(a)(3)." 9 J. Moore, Moore's Federal Practice, *supra*, ¶ 110.19[3] at 210 (emphasis supplied). Here we can find no dismissal of a claim on the merits. Rather we find that the district court determined that the plaintiff is entitled to *some* damage less than the amount of the jury's award. In Barbarino v. Stanhope S.S. Co., 150 F.2d 54 (2d Cir. 1945), a longshoreman filed a libel against a steamship company to recover damages for personal injuries. The steamship company impleaded the longshoreman's employer. After trial, the court awarded damages to the longshoreman and dismissed the steamship company's action against the impleaded employer. The longshoreman then moved for reconsideration of the amount of damages, and the trial court granted a "new trial of the issues between the [longshoreman] and the [steamship company] only." *Id.*

The steamship company appealed. The court of appeals dismissed the appeal, concluding that:

> Obviously the granting of a new trial was neither a final order nor an interlocutory decree which determines any rights and liabilities between the [longshoreman] and the [steamship company].
>
> *Id.* at 55.[1]

As a consequence, we conclude that the district court's order in this case is not appealable, and the motion for summary dismissal must be granted.

---

1. A similar result has been reached in a Jones Act case tried in state court. Stevens v. Patterson Menhaden Co., 191 So.2d 692 (La.App.1966).