**HOLLYWOOD MARINE, INC.,**
Plaintiff-Appellee,

**American Commercial Barge Line Co.,
et al., Intervenors-Appellees,**

v.

**M/V ARTIE JAMES, et al., Defendants,**

**The Insurance Co. of North America,
Defendant-Appellant.**

No. 84–3315.

United States Court of Appeals,
Fifth Circuit.

March 18, 1985.

Camp, Carmouche, Barsh, Hunter, Gray, Hoffman & Gill, Robert I. Siegel, New Orleans, La., for defendant-appellant.

Terriberry, Carroll, Yancey & Farrell, Rufus C. Harris, III, New Orleans, La., for Hollywood.

Donald L. King, J. Kelly Duncan, New Orleans, La., for American Comm.

Before GOLDBERG, RUBIN, and HILL, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Because the district court's ruling was neither a final judgment nor an interlocutory decree reviewable under 28 U.S.C. § 1292(a)(3), we dismiss this appeal for lack of appellate jurisdiction.

Two barge-towing vessels, the M/V ARTIE JAMES and the M/V SETTING SUN, collided in the Inter-coastal Waterway. Hollywood Marine, Inc., owner of the barge in tow of the ARTIE JAMES, sued the ARTIE JAMES, its owner, the SETTING SUN, and its owner. After the original complaint was filed, the Insurance Company of North America (INA), liability carrier for the ARTIE JAMES and its owner, declined coverage under the applicable insurance contract. Hollywood Marine then added INA as a direct defendant.

The district court divided the trial issues and first considered whether INA's policy covered any liability the ARTIE JAMES and its owner might face as a result of the collision. It ruled that INA could not deny coverage under its hull policy. INA attempts to appeal this ruling, seeking reversal.

This court has jurisdiction only of appeals from final decisions [1] and from such interlocutory orders as are made appealable by statute.[2] The district court's ruling was not a final decision against INA because it did not determine INA's ultimate liability to any party.[3] Even in this direct action against the insurer, INA's ultimate liability awaits a trial court finding that the insured is responsible for the collision.

INA contends that this court has jurisdiction pursuant to 28 U.S.C. § 1292(a)(3): "the courts of appeals shall have jurisdiction of appeals from ... [i]nterlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed." It cites *O'Donnell v. Latham*,[4] in which we held that the district court's dismissal of an insurance company based upon coverage defenses was appealable under § 1292(a)(3). The dismissal of the insurer in that case, however, "settl[ed] the issue of the insurer's liability as to both the plaintiff and the principal defendant,"[5] and thus the order was appealable under § 1292(a)(3). Our more recent decision in *Offshore Logistics Services v. Mutual Marine Office*[6] involved a similar situation. In that case, we held that a district court's judgment casting an insurer for statutory penalties and attorney's fees, and its order refusing to amend that judgment, were appealable under § 1292(a)(3) even though other issues remained in the litigation. We reasoned that "[t]he judgment entered December 15, 1978, and the court's January 26, 1979 refusal to amend determined that Arkwright-Boston was liable for the statu-

1. 28 U.S.C. § 1291.

2. *E.g.,* 28 U.S.C. § 1292.

3. *See, e.g., Brown Shoe Co. v. United States,* 370 U.S. 294, 308, 82 S.Ct. 1502, 1514, 8 L.Ed.2d 510, 525 (1962); 15 C. Wright, A. Miller, and E. Cooper, Federal Practice and Procedure § 3909 (1976) and authorities cited therein.

4. 525 F.2d 650 (5th Cir.1976).

5. *Id.* at 652.

6. 639 F.2d 1168 (5th Cir.1981).

tory penalty and attorney's fees. Thus, both were appealable."[7] Here, unlike the situations in both of those cases, the district court's order refusing to dismiss the insurer does not conclusively determine its "rights and liabilities" as to the claim asserted. The liability of its insured and consequently its own liability remain to be litigated.

We have stated that § 1292(a)(3) should be construed narrowly to achieve its original purpose of permitting appeals from orders finally determining one party's liability to another and referring the action for a computation of damages,[8] for as Professors Wright, Miller, Cooper and Gressman observe, "[t]here is no apparent reason why admiralty cases as such should be accorded distinctively liberal rules of interlocutory appeal."[9]

District court rulings rejecting defenses and exceptions have consistently been held not appealable under the statute.[10] As in the instant case, the party whose contention is rejected remains in the litigation and the issue of its liability on the claim asserted remains to be finally resolved. To permit appeals of such rulings would encourage piecemeal appeals and possible waste of judicial resources.

Despite our request for special briefs addressed to the jurisdictional question, the parties do not suggest as a basis for appeal the possible effect of the district court's ruling as determining liability for the costs of defense. We, therefore, express no opinion on that subject.

For these reasons, the appeal is DISMISSED for lack of jurisdiction in this court.

7. *Id.* at 1170.

8. *Treasure Salvors v. Unidentified Wrecked and Abandoned Sailing Vessel,* 640 F.2d 560, 564 (5th Cir.1981); *see also Slatton v. Martin K. Eby Construction Co., Inc.,* 491 F.2d 707 (8th Cir. 1974); *In Re Northern Transatlantic Carriers Corporation,* 423 F.2d 139 (1st Cir.1970); *Stark v. Texas Co.,* 88 F.2d 182 (5th Cir.1937); 16 C. Wright, A. Miller, E. Cooper, and E. Gressman, *supra* note 3, § 3927 and authorities cited therein.

9. 16 C. Wright, A. Miller, E. Cooper, and E. Gressman, supra note 3, § 3927 at 114. *See Schoenamsgruber v. Hamburg American Line,* 294 U.S. 454, 458, 55 S.Ct. 475, 477, 79 L.Ed. 989, 991 (1935).

10. *E.g., Slatton v. Martin K. Eby Construction Co., Inc.,* 491 F.2d 707, 709 (8th Cir.1974); *Cummings v. Redeeriaktieb Transatlantic,* 242 F.2d 275 (3d Cir.1957); *South Carolina State Hwy. Dept. v. The Fort Fetterman,* 236 F.2d 221 (4th Cir.1956).