United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 17, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 05-30964

---

ROY THIBODEAUX,

                                        Plaintiff,

                    v.

VAMOS OIL & GAS CO, ET AL.,

                                        Defendants,

                    v.

DPR INTERNATIONAL LLC,

            Defendant - Third Party Plaintiff - Appellee,

                    v.

MAXUM SERVICES INC,

            Defendant - Third Party Defendant - Appellant.

* * * * * * * * * *

---

*consolidated with*
No. 05-31061

---

GABINO SILVA,

                                        Plaintiff,

                    v.

DPR INTERNATIONAL LLC, ET AL.,

                                        Defendants,

                    v.

DPR INTERNATIONAL LLC, d.b.a. Axxis Drilling,

                    Defendant - Third Party Plaintiff - Appellee,

                                    v.

        MAXUM SERVICES INC,

                            Third Party Defendant - Appellant.

_____

        Appeals from the United States District Court for the
              Western and Eastern Districts of Louisiana

_____

Before REAVLEY, DeMOSS, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

These consolidated appeals arise from two actions, one brought by Roy Thibodeaux and the other by Gabino Silva, against DPR International, LLC doing business as Axxis drilling (Axxis). Axxis filed third-party claims against Maxum Services, Inc. (Maxum) seeking indemnity and defense in each case. On summary judgment, the district court found that Maxum owed Axxis an obligation of indemnity and defense and Maxum brings these appeals.

We DISMISS the appeal deriving from Thibodeaux's claim for lack of jurisdiction. Because Thibodeaux's underlying claim is not yet resolved, there is no appealable order establishing the parties' substantive rights and liabilities as envisioned by 28 U.S.C. § 1292(a)(3).

In contrast, Silva's claim has settled and the district court's order is final and appealable. Considering the merits, we AFFIRM the district court's judgment that Maxum must defend and

2

indemnify Axxis in Silva's case.

## I. BACKGROUND AND PROCEDURAL HISTORY

Maxum is a contract labor provider that directly employed Silva and Thibodeaux. Maxum entered into a Master Service Agreement (MSA) with Axxis, whereby Maxum would provide personnel for Axxis's drilling operations. Pursuant to the MSA, Maxum assigned both plaintiffs to work for Axxis on the inland drilling vessel FREEDOM. Plaintiffs allege that they sustained injuries during their work as roustabouts on the FREEDOM and brought Jones Act claims against Axxis.

While refuting the plaintiffs' substantive claims, Axxis filed a third-party demand against Maxum seeking indemnity and defense. Axxis made this claim under the MSA's provisions stating that Maxum agreed "to protect, defend, indemnify and hold harmless [Axxis] . . . from and against all claims, demands, causes of action, cost, expenses, or losses . . . arising in connection herewith in favor of Maxum's employees." The MSA further provided that it "shall be governed by and interpreted in accordance with the general maritime law and statutes of the United States . . . ."

Based on this language, Axxis sought summary judgment declaring that Maxum must defend and indemnify it in the underlying suits. Without disputing the plain meaning of the MSA's indemnity terms, Maxum made two arguments relevant here: (1) it was unaware that its employees would be used in a maritime assignment, thereby vitiating its consent to the contract as applied to these Jones Act

3

claims; and (2) Louisiana law invalidates the indemnity clause and it, rather than maritime law, should be used to interpret the MSA.

The district court rejected Maxum's arguments and granted summary judgment in favor of Axxis.

## II.  DISCUSSION

*A. Jurisdiction*

This court has jurisdiction over three types of appeals: (1) final orders, 28 U.S.C. § 1291; (2) certain types of interlocutory appeals, 28 U.S.C. § 1292(a); and (3) an appeal involving a question certified as final by the district court, 28 U.S.C. § 1292(b).  *See United States v. Powell*, 468 F.3d 862, 863 (5th Cir. 2006).

While these cases are consolidated, they come to us in different procedural postures that require separate jurisdictional consideration.  Silva settled his claims against Axxis, and Maxum agreed that the settlement was reasonable.  As the defense and indemnity claims are all that remain, we have jurisdiction to hear the appeal deriving from Silva's case as a final order.  *See* 28 U.S.C. § 1291.

Thibodeaux's claims have not settled and are still being litigated, eliminating § 1291 as a possible jurisdictional basis. Maxum claims that this Court has jurisdiction under § 1292(a)(3), which provides that this Court has jurisdiction over appeals from:

> (3) Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of

the parties to admiralty cases in which appeals from final decrees are allowed.

"Orders which do not determine the parties' substantive rights or liabilities, however, are not appealable under section 1292(a)(3) even if those orders have important procedural consequences." *Complaint of Ingram Towing Co.*, 59 F.3d 513, 517 (5th Cir. 1995) (citation omitted). Interlocutory appeals are not favored, and we strictly construe statutes permitting them. *Id.* at 515.

Maxum neglects to even consider whether the decree at issue determined its rights and liabilities as contemplated in § 1292(a)(3), and we find that it did not. We have previously held that a district court order holding a third-party insurance company liable for covering a defendant did not satisfy the requirements of § 1292(a)(3) so long as the primary plaintiff's claim was unresolved. *See Hollywood Marine, Inc. v. M/V Artie James*, 755 F.2d 414 (5th Cir. 1985). We reasoned that, like Maxum, "the party whose contention is rejected remains in the litigation and the issue of its liability on the claim asserted remains to be finally resolved." *Id.* at 416.

In other words, because Thibodeaux has yet to establish that the primary defendant is liable, whether Maxum is liable as a third party is entirely undetermined. The same could not be said if the district court denied Axxis's indemnity claim, or if liability was

5

established and all that remained was a damages determination.[1] Because Thibodeaux's claim is unresolved, the district court's indemnity order did not determine Maxum's liabilities, and we lack jurisdiction. If Thibodeaux's claim fails, Maxum's obligation to indemnify Axxis will amount to nothing.

Notably, despite our request for briefing on jurisdictional issues, Maxum does not argue that the duty to defend provides a unique jurisdictional basis that might make *Hollywood Marine*'s analysis inapplicable here. Maxum "bears the burden of establishing this court's appellate jurisdiction over this appeal," and there is no need to explore jurisdictional bases the appellant does not address. *See Acoustic Sys., Inc. v. Wenger Corp.*, 207 F.3d 287, 289 (5th Cir. 2000). As we stated in *Hollywood Marine*, "[d]espite our request for special briefs addressed to the

---

[1] An order denying indemnity completely settles the third-party's liability as to both the plaintiff and the principal defendant, as it establishes that the third party has no liability whatsoever. *Hollywood Marine*, 755 F.2d at 415 (discussing *O'Donnell v. Latham*, 525 F.2d 650 (5th Cir. 1976)); *see also Campbell v. Sonat Offshore Drilling, Inc.*, 27 F.3d 185, 187 n.3 (5th Cir. 1994) (finding denial of indemnification claim appealable and contrasting *Hollywood Marine* as requiring indemnity).

If liability on the principal claim is resolved then an order requiring indemnification will conclusively establish the rights and liabilities of the third party as to both the principal and the defendant sufficient for jurisdiction under § 1292(a)(3). This is true even if the damage award is still pending. *See Stoot v. Fluor Drilling Serv., Inc.*, 851 F.2d 1514, 1516 (5th Cir. 1988) ("An interlocutory decree which finally determines the liability of at least one party to a maritime suit is appealable under § 1292(a)(3) even if damages haven't been finally computed.").

jurisdictional question, the parties do not suggest as a basis for appeal the possible effect of the district court's ruling as determining liability for the costs of defense. We, therefore, express no opinion on that subject." 755 F.2d at 416.

We DISMISS the appeal deriving from Thibodeaux's claim (05-30964) for lack of jurisdiction. We proceed to the merits on the dispute arising out of Silva's claim (05-31061).

*B. Maxum has a Duty to Defend and Indemnify Axxis*

The district court found on summary judgment that the MSA required Maxum to defend and indemnify Axxis. "We review the district court's legal conclusions, including its interpretation of contracts, *de novo*." *Texaco Exploration & Prod., Inc. v. AmClyde Engineered Prods. Co., Inc., et al.*, 448 F.3d 760, 777 (5th Cir. 2006).

The MSA's language is perfectly clear. It provides that Maxum will defend and indemnify Axxis against all claims brought by Maxum employees in connection with the MSA. It is undisputed that Silva is a Maxum employee, that he was assigned to work for Axxis as contemplated by the MSA, and that his claim arises from that work. Despite MSA's clear language, Maxum argues that (1) the contract is invalid because error vitiated Maxum's consent, and (2) it is unclear whether maritime law applies, and if it does not, then the indemnity clause is unenforceable under the Louisiana Oilfield

7

Indemnity Act. *See* LA. REV. STAT. 9:2780. Neither of Maxum's arguments give us much cause for concern.

### 1. Error did not Vitiate Maxum's Consent

Maxum's only argument as to why its consent to the MSA was invalid is that Exhibit A, which set forth the insurance requirements and was referenced throughout the MSA, was not attached to the MSA during negotiations. Without Exhibit A, Maxum allegedly did not realize it could be held liable under the Jones Act. It argues that this mistake vitiates its consent to the contract.

One party's error may vitiate consent to a contract "only when it concerns a cause without which the obligation would not have been incurred and that cause was known or should have been known to the other party." LA. CIV. CODE art. 1949. Assuming Maxum's allegations are true, which requires overlooking a number of the MSA's provisions suggesting that maritime law will apply, the district court pointed out that Maxum only argues that it did not have Exhibit A during contract negotiations. It "does not argue that Exhibit 'A' was absent from the final version of the contract [its president] signed."

The MSA, as signed, is explicit that Maxum must provide coverage for Jones Act liability. Assuming Maxum misunderstood this point, it provides no evidence that Axxis knew or should have known about this mistaken reading of the contract's plain terms.

8

"In the context of contract interpretation, only when there is a choice of reasonable interpretations of the contract is there a material fact issue concerning the parties' intent that would preclude summary judgment." *Gonzalez v. Denning*, 394 F.3d 388, 392 (5th Cir. 2004). Given the plain terms of the signed MSA, any misunderstanding was attributable solely to Maxum's carelessness and cannot serve to vitiate its consent.

### 2. The MSA is Governed by Maritime Law

Maxum's final argument is that Louisiana law should apply to strike down the MSA's indemnity clause. However, if the MSA is a maritime contract governed by maritime law, as Axxis argues, Louisiana law is inapplicable and the parties agree that the indemnity provision is enforceable. *See Demette v. Falcon Drilling Co.*, 280 F.3d 492, 500 (5th Cir. 2002).

There is no bright-line rule used to determine whether a contract is maritime in nature. *Id.* at 500 (describing it as "a perplexing affair"); *Theriot v. Bay Drilling Corp.*, 783 F.2d 527, 538 (5th Cir. 1986). Determining whether the MSA is a maritime contract governed by maritime law depends partly on "its historical treatment in the jurisprudence," and partly on a six-pronged "fact-specific inquiry." *Demette*, 280 F.3d at 500 (discussing *Davis & Sons, Inc. v. Gulf Oil Corp.*, 919 F.2d 313, 316 (5th Cir. 1990)). It is uncontested that the FREEDOM is an inland drilling barge, and personnel contracts for such barges are historically treated as

9

maritime contracts. *Demette,* 280 F.3d at 500-01.

As for the fact-specific inquiry, we need not consider each of the six prongs listed in *Demette* individually.[2] Axxis points out that the undisputed evidence shows that all six of these factors militate in favor of finding that this was a maritime contract and Maxum never makes any allegation disputing that. Maxum only makes a conclusory statement that there are insufficient facts to find that maritime law applies. But Maxum cannot defeat a motion for summary judgment merely by claiming "some metaphysical doubt" as to the material facts. *Matsushita Elec. Indus. Co., Ltd v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he mere existence of some alleged factual dispute between parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Axxis's argument is strengthened by the MSA's choice-of-law provision stating that general maritime law is applicable.

---

[2] The six prongs are as follows:
1. What does the specific work order in effect at the time of the injury provide?
2. What work did the crew assigned under the work order actually do?
3. Was the crew assigned to do work aboard a vessel in navigable waters?
4. To what extent did the work being done relate to the mission of the vessel?
5. What was the principal work of the injured worker?
6. What work was the injured worker actually doing at the time of injury?

10

The district court properly found that the MSA is governed by maritime law and Maxum has failed to point to any concrete factual dispute that could alter that finding.  Under maritime law, it is undisputed that the indemnity provision at issue is valid, so we affirm the district court's judgment.

## III.  CONCLUSION

We DISMISS the appeal arising from Thibodeaux's claim for lack of jurisdiction.  We AFFIRM the district court's summary judgment related to Silva's claim.