**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 15, 2009

Charles R. Fulbruge III
Clerk

No. 09-30791

SUPERIOR ENERGY SERVICES LLC

Plaintiff - Appellee

v.

BORDELON MARINE INC.

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

This suit arises from an allision between two vessels involved in an oil exploration project in the Gulf of Mexico. The defendant, Bordelon, appeals from the district court's denial of its motion for summary judgment and contends that this court has jurisdiction over this interlocutory appeal under 28 U.S.C. § 1292(a)(3), which gives the courts of appeals jurisdiction over appeals in admiralty cases from interlocutory decrees "determining the rights and liabilities

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the parties." The plaintiff, Superior, has moved to dismiss the appeal on the basis that the underlying order is not appealable under § 1292(a)(3).

"Interlocutory appeals are not favored, and we strictly construe statutes permitting them." *Thibodeaux v. Vamos Oil & Gas Co.*, 487 F.3d 288, 292 (5th Cir. 2007); *see also Complaint of Ingram Towing Co.*, 59 F.3d 513, 515 (5th Cir. 1995); *Treasure Salvors, Inc. v. Unidentified Wrecked & Abandoned Sailing Vessel*, 640 F.2d 560, 564 (5th Cir. 1981). The purpose of § 1292(a)(3) is to permit parties to appeal from judgments determining liability without waiting for the potentially complex phase of calculating damages. *See, e.g.*, *Treasure Salvors,* 640 F.2d at 564 ("[§ 1292(a)(3)] was designed to apply in circumstances distinctive to admiralty where it is not uncommon for a court to enter an order finally determining the issues of liability between the parties and then to refer the case to a master for a determination of damages.").

Here, the district court's denial of Bordelon's motion for summary judgment did not determine the parties' rights and liabilities as to Superior's claim for damages. Bordelon argues that the order effectively determined the parties' rights and liabilities as to its counterclaim for attorney's fees and costs, because the district court held that the contract on which the counterclaim was premised did not apply to the vessel at issue. But Superior did not move for summary judgment on that counterclaim, and the district court has not directly addressed it. Because interlocutory appeals are generally not favored, and because Bordelon's appeal does not serve the purpose for which § 1292(a)(3) was enacted, we conclude that under these circumstances Bordelon's argument that the district court effectively denied its counterclaim does not suffice to make the district court's order appealable.

The appellee's motion to dismiss the appeal for lack of jurisdiction is therefore GRANTED. The appellee's motion to stay the briefing schedule pending the resolution of the motion to dismiss is DENIED AS MOOT.