# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 12, 2010

Charles R. Fulbruge III
Clerk

No. 09-60539
Summary Calendar

R.E. COLEMAN; ELOISE COLEMAN,

Plaintiffs-Counter Defendants – Appellants

v.

ACCEPTANCE INDEMNITY INSURANCE COMPANY,

Defendant-Counter Claimant – Appellee

JOHN DOES 1-5,

Defendant – Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:08-CV-260

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

In this insurance coverage dispute, R.E. Coleman and Eloise Coleman appeal a judgment in favor of Acceptance Indemnity Insurance Company (AIIC). The district court concluded that AIIC owed neither a duty to defend nor a duty

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60539

to indemnify the Colemans against claims asserted in an underlying state court lawsuit.  For the following reasons, we affirm the district court's judgment.

## BACKGROUND

On January 23, 2005, Alicia Elizabeth Turner was a patron at the Chocolate City Lounge in Yazoo City, Mississippi.  A fight broke out on the premises, and, although Turner was not involved in the altercation, she was fatally wounded by a gunshot as she tried to escape the fighting.  The administrator of Turner's estate sued the Colemans, owners of the property where the nightclub was operated, in state court.  The state court complaint asserted that the Colemans were negligent for failing to  provide a secure and safe environment, failing to warn of the danger of crimes being committed, and failing to respond to the assault as it occurred on the premises.

The Colemans in turn sought defense and indemnification from AIIC, their commercial general liability insurer.  After AIIC denied the claim, the Colemans filed suit, seeking defense and indemnity under their policy, and damages for alleged bad faith denial of coverage.  The district court granted summary judgment to AIIC, concluding that the negligence claims in the underlying lawsuit fell squarely within the Assault and Battery Exclusion contained in the policy.  The Colemans timely appealed.

## STANDARD OF REVIEW

"We review a district court's grant of summary judgment *de novo*." *Goodman v. Harris County*, 571 F.3d 388, 393 (5th Cir. 2009).  "Summary judgment is appropriate 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Id*. (quoting FED. R. CIV. P. 56(c)).  "We consider the evidence in a light most favorable to . . . the non-movant, but [he] must point to evidence showing that there is a

2

genuine fact issue for trial to survive summary judgment." *Id.* (quotation omitted).

## DISCUSSION

Under Mississippi law, which the parties agree is applicable, the plain terms of an insurance policy are enforced as written. *See In re Biloxi Casino Belle Inc.*, 368 F.3d 491, 496 (5th Cir. 2004). The relevant provision at issue in this case is the Assault and Battery Exclusion, which provides as follows:

> It is agreed that this policy does not cover any claims arising out of Assault and Battery or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of you, your employees or volunteers, patrons or any other persons. Claims, accusations or charges of negligent hiring, placement, training, or supervision arising from any of the foregoing are not covered. Furthermore, we shall have no obligation to defend you, or any other insured, for any such loss, claim or suit.

The district court found the Exclusion to be unambiguous, and the Colemans have not challenged that finding on appeal. Instead, the Colemans argue that genuine issues of material fact exist which preclude the application of the Exclusion and that summary judgment was therefore entered in error.

## A.   Duty to Defend

"Under Mississippi law, whether a liability carrier has a duty to defend depends on the policy language and the allegations of the complaint." *QBE Ins. Corp. v. Brown & Mitchell, Inc.*, 591 F.3d 439, 443 (5th Cir. 2009). "Under this so-called 'eight-corners' test, the allegations in the complaint are analyzed against the language in the policy to determine coverage and the duty to defend." *Id.* "If the complaint states a claim that is within or arguably within the scope of coverage provided by the policy, then the insurer has a duty to defend." *Id.*

3

(quotation omitted). Thus, the issue on appeal is whether the allegations of the underlying state court complaint trigger the application of the Assault and Battery Exclusion, and thereby relieve AIIC of its duty to defend the Colemans.

The Colemans essentially argue that Turner was not involved in the altercation, and that there has been no showing that any individual had tortious intent to place Turner—or anyone else—in imminent apprehension of harm or to cause injury. But Turner's involvement *vel non* in the altercation is immaterial to the applicability of the Exclusion. Coverage is not barred solely for those claims asserted by victims or instigators of an assault or battery. Instead, the policy bars coverage for "*any* claims *arising out of* Assault and Battery or out of any act or omission in connection with the prevention or suppressions of such acts." *Cf. Am. States Ins. Co. v. Bailey*, 133 F.3d 363, 370 (5th Cir. 1998) (describing "arising out of" as "broad, general, and comprehensive terms effecting broad coverage" in a Texas case (quotation omitted)). The state court complaint's chief allegations—that the Colemans failed to provide adequate security and failed to stop the altercation—falls squarely within the scope of this Exclusion. The victim's innocence in relation to that altercation is not relevant to the interpretation of the Exclusion.[1]

Additionally, the Colemans argue that Chief Eric Snow's affidavit creates a genuine issue of material fact. In his affidavit, Snow, who investigated the shooting, states that he could not determine whether the firearm was discharged intentionally or accidentally. The Colemans seize on this averment as demonstrating that the shooter lacked the intent required for an assault or

---

[1] The Colemans' assertion that a "formal connection" between the altercation and the shooting has not been established is belied by the record. Only "*justifiable* inferences are to be drawn in [the Colemans'] favor," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (emphasis added), and they "cannot defeat a motion for summary judgment merely by claiming 'some metaphysical doubt' as to the material facts," *Thibodeaux v. Vamos Oil & Gas Co.*, 487 F.3d 288, 295 (5th Cir. 2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

No. 09-60539

battery under principles of tort law. By taking the shooting as the putative assault and battery, this argument misunderstands both the Exclusion and the district court's ruling. Instead, the district court found that the fight preceding the shooting—allegedly caused by the Colemans' negligence—constituted an assault and battery. This finding is not challenged on appeal. Snow's affidavit may create uncertainty about whether the gun was fired intentionally, but that fact is not a "material" one for summary judgment purposes. *See Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (deeming fact "material only if its resolution would affect the outcome of the action").[2]

The underlying state court lawsuit alleges that the Colemans' negligent failure to provide security proximately caused the altercation and that their negligent failure to respond to the assault proximately caused Turner's death. Because the Assault and Battery Exclusion bars coverage for such claims, the district court properly concluded that AIIC had no duty to defend the Colemans.

## B.    Duty to Indemnify

The district court concluded that because AIIC has no duty to defend, it has no duty to indemnify. This court does not appear to have established such a *per se* rule. *See, e.g.*, *QBE Ins.*, 591 F.3d at 445 n.5. Setting aside whether such a rule should apply, we agree with the result reached by the district court. Other than the arguments rejected above, the Colemans offer no explanation in their brief why the Assault and Battery Exclusion would not bar indemnification coverage following a trial on the merits in state court. It is conceivable that the Exclusion would not bar coverage if there had been no altercation and Turner's

---

[2] Similarly immaterial are the lack of positive identification of the shooter and whether the gunshot originated from inside or outside the Chocolate City Lounge. The Colemans' related argument under the "true facts" exception to the "eight-corners" test also lacks merit. *QBE Ins.*, 591 F.3d at 444. As explained, the unresolved questions presented in Snow's affidavit, if resolved in the Colemans' favor, would not give rise to a cause of action that "would be covered by the policy" because the Exclusion would still apply. *Id.*

5

No. 09-60539

death had been caused by an entirely accidental gunshot. That hypothetical scenario is, however, far from the version of events described by the parties. Further, the Colemans' bare assertion that Turner's shooting was unrelated to the altercation is not persuasive. The Colemans have not demonstrated the existence of a genuine issue of material fact adequate to preclude summary judgment. The district court's conclusion that AIIC had no duty to indemnify was proper.[3]

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[3] Other than a conclusory sentence to close their brief, the Colemans offer no argument to support their bad faith claim. We therefore decline to disturb the district court's dismissal of that claim. *See Audler v. CBC Innovis Inc.*, 519 F.3d 239, 255 (5th Cir. 2008) ("A party waives an issue if he fails to adequately brief it." (quotation omitted)).