# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 6, 2023

Lyle W. Cayce
Clerk

———————

No. 23-10171

———————

Lonnie Kade Welsh,

*Plaintiff—Appellant*,

*versus*

Unknown Male Shift Supervisor,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:19-CV-255

———————————————————————

Before Higginbotham, Smith, and Elrod, *Circuit Judges*.

Per Curiam:[*]

Lonnie Welsh—a convicted sexually violent predator—filed a complaint seeking money damages under 42 U.S.C. § 1983 for alleged violations of his Fourteenth Amendment procedural due process rights.[1] In his com-

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] Welsh also sued many other defendants for various events that allegedly occurred when he was confined as a pretrial detainee at Lubbock County Detention Center. Those other claims are not relevant for purposes of this appeal—the district court dismissed them under 28 U.S.C. § 1915(e)(2)(B)(ii), and we affirmed. *See Welsh v. Lubbock County*, 70 F.4th

No. 23-10171

plaint and questionnaire responses, Welsh generally alleged that a male shift supervisor—whom Welsh identified as "Sergeant K. Young"—placed him in solitary confinement without a hearing to punish him based on his status as a sexually violent predator ("SVP"). At the time of the alleged incident, Lubbock County Detention Center ("LCDC") did employ a correctional officer named K. Young. But "K." stands for *Katherine*, who most definitely is not the complained-of *male* shift supervisor. Welsh agreed: After learning of Young's full name, Welsh clarified that the defendant was an "unknown male officer."

The district court granted Welsh's motion for limited discovery to identify the unnamed defendant. It first ordered Welsh to submit a physical description of the officer,[2] after which it directed the Lubbock County Sheriff to identify any officers matching that description who were working around the time of the incident or, if no officer could be identified, to produce photographs of officers fitting that description who were working around the same time and may have spoken with Welsh. The Sheriff complied and produced photographs of three officers.[3]

But Welsh maintains that the unnamed defendant is not among those pictured. Speculating that the Sheriff "withheld" the picture of the unnamed defendant, Welsh demanded that the district court expand the scope of discovery to include a photo of every individual who worked at LCDC during the incident. On December 12, 2022, district court denied that request

---

869 (5th Cir. 2023) (per curiam).

[2] Welsh described the officer as a white male with brown hair, no visible scars, and a peach and slightly tan complexion, between 5'7" and 5'10" in height, and in his mid-30s to 40s.

[3] The Sheriff, as part of his response, advised that he was unable to identify the real defendant based on Welsh's description.

and dismissed, without prejudice, Welsh's claim against the unnamed defendant for failure to effect timely service. Fed. R. Civ. P. 4(m). Welsh filed a motion for reconsideration on January 10, 2023, which the court denied on February 19, 2023. His notice of appeal was filed on February 15, 2023. He appeals the (1) dismissal of the unnamed defendant for failing to effect service, (2) denial of additional discovery, and (3) denial of his Federal Rule of Civil Procedure 59(e) motion.

As a threshold matter, we address jurisdiction. *United States v. Shkambi*, 993 F.3d 388, 389 (5th Cir. 2021). In a civil case, the timely filing of a notice of appeal is a jurisdictional requirement that cannot be waived or forfeited. *Bowles v. Russell*, 551 U.S. 205, 214 (2007); *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017). This court "must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).

A Rule 59(e) motion must be timely filed to toll the deadline for filing a notice of appeal. Fed. R. App. P. 4(a)(4)(A)(iv). The district court entered final judgment on December 12, 2022. But Welsh's Rule 59(e) motion was not filed until January 10, 2023—29 days after entry of judgment. That is one day too late.[4] *See* Fed. R. Civ. P. 59(b) ("no later than 28 days after the entry of judgment"). And because Welsh's motion for reconsideration was untimely, the 30-day period to file a notice of appeal began running the day after entry of judgment on December 12. Fed. R. App. P. 4(a)(1)(A). Because Welsh filed his notice of appeal 65 days after judgment, we lack jurisdiction to hear this appeal.

We also note that Welsh "bears the burden of establishing this court's

---

[4] That the district court considered and denied Welsh's Rule 59(e) motion does not alter our jurisdictional analysis. *Washington v. Patlis*, 868 F.2d 172, 174 (5th Cir. 1989).

appellate jurisdiction over this appeal." *Thibodeaux v. Vamos Oil & Gas Co.*, 487 F.3d 288, 293 (5th Cir. 2007) (quoting *Acoustic Sys., Inc. v. Wenger Corp.*, 207 F.3d 287, 289 (5th Cir. 2000)). Yet, in his briefing, Welsh does not assert that this court has jurisdiction.[5] *See* FED. R. APP. P. 28(a)(4)(A)–(D) ("The appellant's brief must contain . . . a jurisdictional statement, including . . . the basis for the court of appeals' jurisdiction."). And while we do "liberally construe the briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel, *pro se* parties must still brief the issues and reasonably comply with the standards of Rule 28." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

For the foregoing reasons, we DISMISS the appeal for want of jurisdiction.

---

[5] Welsh never claims any exception applies to render his Rule 59(e) motion timely. Regardless, none seems to apply. Although a panel applied the prison mailbox rule to civilly confined litigants, *Brown v. Taylor*, 829 F.3d 365 (5th Cir. 2016), that holding does not bind this case, *see id.* at 368–69 (applying law of the case doctrine). It is therefore unnecessary to remand for the limited purpose of making factual findings about Welsh's ability to file pleadings at the time he filed his Rule 59(e) motion.